[No. 6,772.—Department One.]

# HEY SING IECK v. JOHN W. ANDERSON.

CONSTITUTIONAL LAW — CRIMINAL LAW — DUE PROCESS OF LAW — FISHING NETS.—So much of § 636 of the Penal Code as declares that all nets, etc., used in catching or taking fish in violation of the provisions of chapter i, title xv, of said Code, shall be forfeited, and may be seized by the peace officer of the county, and by him destroyed or sold, is unconstitutional and void.

ID.—ID.—ID.—Confiscations without a judicial hearing and judgment, after due notice, are void, as not being due process of law.

APPEAL from a judgment in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

*E. F. Preston*, and *O. R. Coghlan*, for Appellant.

The statute having prescribed the forfeiture, the effect of the commission of the act which worked the same was to divest the owner at once of all title, without any adjudication or process of law. (Sedgwick on Stat. and Const. Law, 78; *Oakland R. R. Co.* v. *Oakland, Brooklyn and Fruit Vale R. R. Co.* 45 Cal. 365; *Henderson's Distilled Spirits*, 14 Wall. 44.)

*King & Rodgers*, for Respondent.

The section is unconstitutional, in that it contains no provision for a judicial determination of the fact upon which the forfeiture is made to depend.

McKEE, J.:

This was an action of claim and delivery for one net, three boats, and fishing tackle alleged to have been taken and wrongfully detained from the plaintiff.

It appears that the property belonged to the plaintiff, who had rented it to certain Chinese fishermen, for the purpose of fishing in the tide-waters of the State. In December, 1878, these men, who had possession of the property, were catching fish in what is known as Montezuma Cut-off Slough, within the jurisdiction of Solano County, by casting and extending their nets more than one-third the way across the slough. That contrivance for catching fish was prohibited by § 636, chapter i,

title xv, of the Penal Code, which declared that "every person who shall cast, extend, or set any seine or net of any kind, for the catching of fish in any river, stream, or slough of this State, which shall extend more than one-third across the width of said river, stream, or slough, at the time and place of such fishing, is guilty of a misdemeanor," punishable by fine or imprisonment, or both. Further, it declared that "all nets, seines, fishing tackle, boats, or other implements used in catching or taking fish in violation of the provisions of this chapter shall be forfeited, and may be seized by the peace officer of the county, or his assistant, and may be by him destroyed or sold at public auction, upon notice posted in the county for five days."

At the time of the fishing, the defendant was an acting constable of Suisun township. In that capacity, he arrested the men for a violation of the law, and seized their nets, boats, and fishing tackle. The seizure was followed by the prosecution of the offenders, and they were severally convicted and sentenced to pay a fine. No fault is found with the proceedings against them personally. But no proceedings of any kind were taken against the property which had been seized.

The Court below found, as a fact, that the plaintiff knew nothing of the unlawful use of his property by those to whom he had hired it, and did not "connive at or encourage" such use; and it would seem to be harsh justice, to say the least, to deprive him of his property for no guilty act of his own. It may be conceded, that the innocence of the plaintiff would not exempt his property from the punishment of a statute, the provisions of which it had been used to violate, if the statute itself had provided for enforcing the punishment by some judicial proceedings against it. Under such circumstances, property used to commit the aggression might be treated as an offender —as the guilty instrument or thing to which the forfeiture denounced by the statute attached—without reference to the character or conduct of the owner. But the statute under consideration contained no provisions whatever for determining whether the property was liable to condemnation for the forfeiture denounced against it for the criminal acts of those who had it in their possession. It merely authorized a peace officer to seize the property without warrant or process, to condemn it

without proof, or the observance of any judicial forms, and to destroy it without notice of any kind, or sell it upon notice posted anywhere in the county for five days.

Such an enactment cannot be harmonized with those constitutional guaranties which are supposed to secure every one within the State in his rights of liberty and property. " No man," says Mr. Cooly, in his work on Constitutional Limitations, " can, by his misconduct, forfeit his property, unless steps are taken to have the forfeiture declared in due judicial proceedings. Forfeitures of rights or property cannot be adjudged by legislative act; and confiscations without a judicial hearing and judgment after due notice would be void, as not due process of law."

The cases of the *United States* v. *Brig Malek*, 2 How. 210, and *Henderson's Distilled Spirits*, 14 Wall. 44, cited in argument by counsel for defendant, arose out of judicial proceedings *in rem*, to subject property to condemnation for an alleged violation of the criminal or revenue laws of the United States, and they are authority for the principle that forfeitures are not adjudgeable by legislative act, except it may be for a violation of the revenue laws ; " except," says the Supreme Court of Michigan, " in those cases where proceedings to collect the public revenue may stand upon a peculiar footing of their own, it is an inflexible principle of constitutional right, that no person can legally be divested of his property without remuneration, or against his will, unless he is allowed a hearing before an impartial tribunal, where he may contest the claim set up against him, and be allowed to meet it on the law and facts. Where a debt, or penalty, or forfeiture may be set up against him, the determination of his liability becomes a judicial question, and all judicial proceedings are required by the Constitution to be exercised by courts of justice. He can only be reached through the forms of law upon a regular hearing, unless he has, by contract, referred the matter to another mode of determination." The law of the land in judicial proceedings requires a hearing before condemnation, and judgment before dispossession.

It follows, that so much of the statute under consideration as authorized defendant to arbitrarily seize and destroy or sell the property of the plaintiff for alleged forfeiture, without judicial

proceedings for its condemnation, or monition or notice, actual
or constructive, to its owner, of the charges for which the for-
feiture was claimed, and of the time and place for determining
them, was unconstitutional and void, and afforded no protection
to the defendant for the detention of the property in question.

Judgment affirmed.

McKINSTRY, J., and ROSS, J., concurred.