WING WO CHAN & COMPANY *vs.* THE HAWAIIAN GOVERNMENT.

SUBMISSION.

HEARD BY CONSENT, DECEMBER, 17, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

So much of Chapter 67 of the Laws of 1888 as provides that liquors in domestic shipment, not being labelled with the name and quantity of the liquor and the names of the shipper and consignee, may be seized by any police officer, and may be declared by the Court before which such case shall be brought to be forfeited to the use of the Hawaiian Government, is pronounced unconstitutional because the statute does not provide for notice of hearing to the parties interested.

OPINION OF THE COURT, BY McCULLY, J.

The following is the submission in this case : "It is hereby respectfully represented unto your Honors, by the undersigned, C. Mow Keung and Chang Ping, partners in business under the firm name of Wing Wo Chan & Company, of Honolulu, herein

called the plaintiffs, and C. W. Ashford, Attorney-General of the Kingdom, acting for and on behalf of the Hawaiian Government, herein called the defendant, as follows, to wit:

1. That said plaintiffs are and were on November 5th, instant, licensed wholesale dealers in spirituous liquors, conducting business as such at said Honolulu.

2. That on, to wit, the fifth day of November aforesaid, the plaintiffs at said Honolulu billed and shipped by the steamer Likelike (a steamer engaged in the carrying trade between certain of the ports of this Kingdom), certain, to wit, nine packages or cases of spirituous liquor, with intent that the same should be carried and conveyed by and upon said steamer to the port of Kahului, in the Island of Maui, and there delivered to some third person or persons, to wit, to certain consignees, to wit, to one Ah Mee, of Wailuku in said Island of Maui, who then and there was and now is licensed to sell spirituous liquors at retail.

3. That said spirituous liquor was not when so billed and shipped as aforesaid, or at any time since then nor was any of it, nor were the packages or cases containing the same or any of them, plainly labelled, or labelled at all in the English or Hawaiian language, with the name or names of the shipper thereof, or with the name or quantity of the said spirituous liquor, but the initials of the shipper's name, to wit, "W. W. C.," were labelled thereon.

4. That the said spirituous liquor was on, to wit, the date aforesaid, at said Honolulu, and after it had been so billed and shipped as aforesaid, seized by certain police officers, for the reason that the same was not labelled as required by law, but no sworn complaint or writ, warrant or other process was made or issued concerning or authorizing such seizure.

5. That after such seizure, said spirituous liquors seized as aforesaid were carried before the Police Court, of Honolulu, with request * * * * on the behalf of said Government that the same should be declared forfeited to the use of the Hawaiian Government.

6. That on, to wit, the fifteenth day of November, instant, after the hearing of evidence in this behalf, an order and judgment were rendered in and by said Police Court, wherein and whereby said spirituous liquors seized as aforesaid were declared forfeited to the use of the Hawaiian Government, for the reason that the said liquors, when so billed and shipped as aforesaid, were not labelled as by law required.

7. That said liquors declared as aforesaid to be forfeited are now in the custody of the Marshal of the Kingdom, who is about to sell the same, under the claim that he is so instructed by law.

Wherefore the said plaintiffs claim as follows:   (said defendant resisting each such proposition) to wit:

First.   That said seizure of plaintiffs' said property was in violation of plaintiffs' constitutional rights in the premises, and that so much of Chapter LXVII. of the Laws of 1888, or of any other statute of this Kingdom, as purports to authorize such seizure or such judgment, is unconstitutional and void.

Second.   That even if such seizure or judgment were constitutional, the said Police Court of Honolulu had no authority to entertain said request to forfeit said liquors as aforesaid, or to declare the same forfeited to the use of the Hawaiian Government.

Third.   That the said Marshal, in behalf of the Hawaiian Government, now illegally retains in his possession the said property of said plaintiffs, and that the Hawaiian Government is not entitled to the use or proceeds thereof.

And so the said parties submit the above facts for the decision of your Honors, hereby further representing that said recited facts constitute a real controversy between them, and that these proceedings are undertaken in good faith, to determine their respective rights in the premises.

If the said Justices, or a majority of them, shall be of opinion that the said judgment of said Police Court was rendered without jurisdiction to render the same, or that said judgment is for any other reason illegal or erroneous, then said Justices are

respectfully requested to render such judgment as would be appropriate in an action in this Court by the plaintiffs against the defendant for the replevin of said goods.

### By the Court, per McCully, J.

It is not doubtful that the sale of and traffic in spirituous liquors is a matter coming within the scope of the Police power of the State. It is constitutionally lawful to impose upon it many restrictions and regulations which are not imposed upon the sale and traffic in other kinds of goods, wares and merchandise.

It is not doubtful that there may be legislation to better prevent illicit traffic in spirituous liquors, and that such legislation may provide that spirituous liquors in transportation shall be labelled with the name and quantity thereof and with the names of the shipper and consignee. In this regard no contention is made by the plaintiffs herein, and the issue is not raised by the specified points of law in the statement.

These points are two, the first being that the seizure of plaintiffs' property was in violation of his constitutional rights in the premises, and that so much of Chapter LXVII. of the Laws of 1888 as purports to authorize such seizure or such judgment is unconstitutional. The parts of this Act applicable are Sections 4 and 5, which provide that liquors shipped shall be labelled with the name and quantity of the liquor and the names of the shipper and consignee, and that it shall be lawful for any police officer to seize and detain any liquor not so marked, and that "any liquors so seized may be declared by the Court before which such case shall be brought, to be forfeited to the use of the Hawaiian Government."

The seizure was made without warrant. This statute requires none, and it cannot be maintained that the statute is for that reason unconstitutional. It must be, of necessity, that many acts of seizure be authorized to be made without a warrant, and no other instance is a better illustration of this rule of necessity than this case of the summary seizure of goods which are found

in transit in violation of prescribed regulations of shipment. Chief Justice Shaw says of this in *Kennedy vs. Favor*, 14 Gray, 200, "The authority to seize liquors without a warrant, though sometimes necessary, is a high power, and being in derogation of common law right, it is to be exercised only where it is clearly authorized by the statute or rule of law which warrants it."

The seizure alone may be not "unreasonable" and not in violation of the constitutional provision against unreasonable seizure.

The real contention, in our apprehension, is that the statute is unconstitutional in prescribing the proceedings for condemnation, and so the seizure and judgment are in pursuance of a statute unconstitutional to this extent, as conflicting with Article 9, "no person  *  * shall be deprived of his property without due process of law."

What is "due process of law" has been set forth in many judicial decisions, and is not of doubtful import. We may take the expression of Mr. Justice Bronson, in *Taylor vs. Porter*, 4 Hill, 147, that "the words cannot mean less than a prosecution or suit conducted according to the prescribed forms and solemnities for ascertaining guilt or determining the title to property."

One of the essential forms and solemnities of a trial is that the accused persons, or the owners of seized property against which proceedings are taken, shall have notice and an opportunity of defense.

If the proceeding is *in rem*, actual notice must be given to owners, or if they are not known, constructive notice by a publication of notice, which reasonably may inform them of the tribunal and of the time and place when proceedings are to be had for condemnation.

The theory upon which a judgment *in rem* is regarded as being binding upon all the world, is that all the world have constructive notice of the seizure, with the cause and purpose of the taking, and the time and place at which any person may

appear before a competent tribunal and have a trial before the condemnation of his property. *Fisher vs. McGirr*, 1 Gray, 35 ; *Hibbord vs. The People*, 4 Mich., 126.

*Audi alteram partem* is a fundamental maxim. " To be fully heard in his own defense," is guaranteed by Article 7 of the Constitution. This is strictly applicable to proceedings under this statute, for it is essentially penal in its character. In the case before us the claimant of the property was not allowed to become a party in the confiscation proceedings. It has been suggested that if this was a mistake it need not affect the validity of the law, for a different precedure will be followed in subsequent cases. In *Hibbord vs. The People*, cited above, the Court say : " It is said that the proceedings under the liquor law may be so conducted consistently with its provisions as to secure the person whose property is seized all his constitutional right. If this is possible that is not enough. The law must afford to the accused the means of demanding and enforcing his constitutional rights and if it authorizes a course of procedure which would deprive him of.them, it is void. It is not left to the discretion of prosecutors or magistrates to adopt a course of procedure which may or may not be in conformity with the requirements of the Constitution, as they may elect." The term "rights" implies as much as this : The seizure and immediate confiscation and destruction of perishable articles offered for sale or going to places of sale, which are in an unfit condition for use, is an obvious and necessary exception to the principle which requires notice and opportunity of defense.

The case of *Tirck vs. Anderson*, 57 Cal., 251, strongly pronounces that consfications without a judicial hearing and judgment, after due notice, are void, as not being due process of law. Judge Cooley, in his Constitutional Limitations, says, " no man can by his misconduct forfeit his property unless steps are taken to have the forfeiture declared in due judicial proceedings. Forfeitures of rights or property cannot be adjudged by legislative Act; and confiscations without a judicial hearing

and judgment after due notice, would be void, as not due process of law."

This doctrine is not and cannot be controverted. But the argument is that there has been a hearing in this case, that the Court heard before it condemned, having taken oral testimony to support the evidence of its own eyes, by the inspection of the packages then being in court, that so it proceeded upon inquiry and rendered judgment only after trial.

Who was heard?

Not the owner of the property proceeded against. The statute makes no provision for citing, notifying or hearing him. All proceedings *in rem* require so much. To call this a hearing when the party in interest cannot be heard, is a use of the term which is fallacious.

These principles and authorities require us to hold that the provisions of this Act which authorize the seizure of property without a legal method of proceedings in condemnation, and the condemnation without due process of law, are in conflict with rights secured by the Constitution, and so the statute to the extent found to be unconstitutional is to that extent void. Section 5 is therefore pronounced void. If there are other portions of the statute not dependent upon those parts which are here adjudged to be unconstitutional, they are not affected by this determination. *Warren vs. Mayor, etc., of Charlestown*, 2 Gray, 99.

The second point in the submission, concerning the jurisdiction of the Police Court to entertain such proceedings, it does not seem necessary to consider, in view of the conclusion that they would be unconstitutional without respect to the Court in which they might be brought.

The submission praying that the Justices of the Court, or a majority of them, if the judgment of the Police Court be found to be illegal or erroneous, may render a judgment appropriate to an action of replevin for the goods, we hereby adjudge that the plaintiffs herein do have and take the goods heretofore declared forfeit, with their lawful costs.

*C. W. Ashford* (Attorney-General), for plaintiffs.

*A. S. Hartwell*, for defendants.