Craig v. Werthmueller & Ende.

## CRAIG V. WERTHMUELLER & ENDE *et al.*

## THE SAME V. BOSCH *et al.*

1. **Intoxicating Liquors**: UNLAWFUL SALES: NUISANCE : EVIDENCE. The evidence in these cases shows that all the sales of intoxicating liquors made by defendants, of which complaint is made, were made under lawful permits, as extended by section 17, chapter 71, Laws of 1888, and the only evidence that any of the sales were unlawful was in the nature of an inference from the quantity sold. *Held* that this was not sufficient to justify a finding that defendants were guilty of nuisance by reason of the sales.

2. ———: NUISANCE: MANUFACTURE FOR EXPORT ALONE. The manufacture of intoxicating liquors within this state, without a lawful permit, though for the purposes of export only, renders the manufactory a nuisance. (Compare *Pearson v. International Distillery,* 72 Iowa, 349.)

3. ———: ———: CONSTITUTIONALITY OF STATUTE. The statute providing for the destruction of liquors found in a place adjudicated to be a liquor nuisance, and for the removal and sale of the furniture, fixtures, etc., does not violate the fourth and fourteenth amendments to the constitution of the United States, nor sections 8 and 9, of article 1, nor article 3, of the constitution of Iowa, on the ground that it attempts to forfeit private property by legislative enactment, nor on the ground that it authorizes such forfeiture in a criminal action against the owner without giving him his day in court in an action against the property; because the forfeiture contemplated by the statute is determined only by the judgment of a court of competent jurisdiction, in a proper case for the punishment of the offender and the abatement of the nuisance, after due notice. The action in such case is against the place as well as against the person.

4. ———: ———: ABATEMENT: WRIT: DEFINITENESS. In an action to abate a brewery as a liquor nuisance, where the evidence shows that all intoxicating liquors on the premises described are subject to seizure and destruction, and that all fixtures, furniture, vessels and all movable property, used on or about the premises in carrying on the unlawful business, should be seized and sold, a warrant directing the sheriff to abate such nuisance by seizing and destroying the liquors on the premises (describing them), and removing from the building all fixtures, furniture, vessels and movable property used on or about the premises in carrying on the unlawful business of manufacturing intoxicating liquors, and to sell the same, describes the property as " particularly as may be," and is not subject to the objection that it leaves to the discretion of the officer what to seize, destroy and sell.

Craig v. Werthmueller & Ende.

5. ——: ——: ——: CLOSING BREWERIES "FOR SALOON PURPOSES." The statute providing for the abatement of a liquor nuisance prescribes that it shall be done by (among other things) securely closing the building " as against the use or occupation of the same for saloon purposes." *Held* that the word "saloon," as here used, means more than simply a place for the retail of intoxicating drinks, and includes all places which are made nuisances by the violation of the prohibitory liquor law; and that the statute thus authorizes and directs the closing of a brewery which is found to be a nuisance on account of the unlawful manufacture of beer therein.

6. ——: ——: ——: ATTORNEY'S FEES : EVIDENCE. In actions to abate liquor nuisances, where there is no controversy as to the amount of attorney fees which plaintiff should recover, the judge may, upon the record and his own knowledge of the services rendered in the case, fix the amount; but where there is a controversy as to the amount to be taxed, evidence should be heard, and the amount determined from the evidence and the record alone.

*Appeal from Des Moines District Court.*—HON. C. H. PHELPS, Judge.

FILED, OCTOBER 22, 1889.

MAY 13, 1886, the plaintiff filed his petitions against each of the defendants, charging them, respectively, with keeping and maintaining a place for the sale of, and selling, intoxicating liquors as a beverage, contrary to law, thereby creating a nuisance, and praying that the same be abated. The defendants, having answered, filed their petitions for removal, and the cases were removed to the federal court. On January 17, 1888, the cases were remanded, and, having been redocketed, June 27, 1888, the plaintiff filed amendments to his petitions, charging " that defendant, upon the premises described in the petition, has established, and is now keeping and maintaining, a brewery for the manufacture of intoxicating liquors, and defendant has heretofore unlawfully manufactured, and continues from day to day to unlawfully manufacture, intoxicating liquors at said place, whereby defendant has created and established, and now keeps and maintains, and continues from day to day to keep and maintain, a nuisance,"— wherefore plaintiff prays for temporary injunction and

for other relief, as prayed for in the original petition. Defendants answer, admitting ownership of the premises described, denying every "material allegation" contained in the amendment, and averring that at the commencement of this action, and each year since, a permit to manufacture, buy and sell intoxicating liquors at said premises has been duly issued to them. They also aver that certain sections of the statutes are unconstitutional.

The cases were submitted together, on the following agreed statement of facts and evidence:

"It is conceded that plaintiff is a citizen and resident of Des Moines county, Iowa,—plaintiff in these cases. It is conceded that the defendants are the owners of the premises, and that upon said premises, since the enactment and taking effect of chapter 71 of the Laws of the Twenty-second General Assembly of Iowa, defendants have manufactured beer, and no other intoxicating liquors. It is further conceded that defendants, and each of them, were duly authorized to manufacture beer upon said premises, under permits issued to them by the board of supervisors of Des Moines county, Iowa, at the June session, 1887, to remain and be in force for one year from that date. It is further conceded that from the taking effect of the law of 1888, to-wit, chapter 71, Acts Twenty-second General Assembly, Iowa, up to the expiration of the permits granted by the board of supervisors of Des Moines county, Iowa, defendants claimed the right to manufacture, and did manufacture, beer under the authority granted in said permits, and that, after the expiration of each of said permits, they have continued to manufacture beer up to the present time on said permits, for the purpose of exportation from the state only. It is further conceded that the defendants were the owners of the premises and property in question prior to the year 1884, and that prior to said year said premises were fitted up and adapted as breweries only, and used for the sole purpose of manufacturing and brewing beer; that the property and premises are still in the same condition; and

that defendants are now, and have been since the year 1884, the owners of said property, and that each of said premises and property described in each of the petitions herein is of the value of more than forty thousand ($40,000) dollars, including the machinery, fixtures, vaults," etc.

Plaintiff offered in evidence the monthly reports of intoxicating liquors manufactured and sold by each of the defendants, beginning February 27, and ending August 25, 1888. Upon this evidence the court decreed that the defendants be perpetually enjoined from maintaining a nuisance,—to-wit, "a place for the manufacture of intoxicating liquors as a beverage,—at, in, or upon the premises hereinbefore described," and enjoining the premises from being used for the manufacture of liquors as a beverage, and rendered judgment against the defendants for costs, including fifty dollars' attorney's fees. Upon announcing the opinion, plaintiff offered to prove that the reasonable value of the service rendered in each case by his attorney was one hundred dollars. The court refused to receive said evidence. Plaintiff appeals.

*Newman & Blake*, for appellant.

*S. L. Glasgow*, for appellees.

GIVEN, C. J.—I. Appellants' counsel have assigned errors, and seemingly argued the case upon the theory that we are to review the proceedings in the district court upon the assignment of errors. These cases, being in equity, are before us to be tried anew.

Under the issues our first inquiry is, does the testimony show that the defendants sold or kept intoxicating liquors for sale within this state contrary to law? The only testimony before us is the agreed statement of facts and the monthly reports of the defendants. The monthly reports of Werthmueller & Ende show continuous sales from March 31, to August 25, 1888, and the report of Bosch from February 27, to August 25, 1888. Permits

1. INTOXICATING liquors: unlawful sales: nuisance: evidence.

were granted to the defendants in June, 1887, for one year, which, under section 17, chapter 71, Acts Twenty-second General Assembly, were extended "until such time as a permit can be obtained," not beyond the first day of October, 1888. The first term of court in that county convened September 10, 1888; hence the permits extended at least to that time. The statement of facts showed that the defendants manufactured beer from the taking effect of said chapter 71 (April 13, 1888) until the time of trial, but shows nothing as to sales. We have no evidence of sales except as shown by the monthly reports, and, as this entire period was covered by the permits, we are to determine this question as to defendants' holding permits. There are several instances in which the reports do not conform to the statute, but none of which tend to show illegal sales. There is nothing from which to find illegal sales unless it be the quantity sold. The extent of business done by different dealers is so variable that the legality or illegality of their sales cannot be determined alone from the quantity sold. We think the testimony fails to show that the defendants were maintaining a nuisance by keeping a place for the unlawful keeping for sale, or selling, of intoxicating liquors.

II. Our next inquiry is, whether the defendants maintained a nuisance by keeping a place for the unlawful manufacture of liquors. As we have seen, the agreed statement shows that they continuously manufactured beer on the premises described from April 13, 1888, to the time of trial, October 17, 1888. Their permits authorized them to manufacture for lawful purposes, and there is nothing to show that they manufactured for any other during the time covered by their permits,—to-wit, until September 10, 1888. It does appear, however, that they continued to manufacture after September 10, to the time of trial, October 17, 1888, assuming that they had a right to do so for purposes of exportation from the state. That such manufacture was unlawful, and that the defendants thereby created and maintained a nuisance,

2. ——: nuisance: manufacture for export alone.

Craig v. Werthmueller & Ende.

will hardly be questioned in the light of recent decisions. See *Pearson v. Distillery*, 72 Iowa, 349. Our conclusion from the testimony is that the defendants did each maintain a brewery for the manufacture of intoxicating liquors contrary to law upon the premises described, and thereby each created and maintained a nuisance, as charged in the amendment to the petition.

III. Appellees contend that, though they did create and maintain nuisances, as alleged in the

3. —: —:
constitu-
tionality of
statute.

amendment to the petition, no decree should be entered against them for the seizure and destruction of their liquors, nor for the removal and sale of furniture, fixtures, etc., because the law authorizing the same is in conflict with amendments 4 and 14 to the constitution of the United States, and sections 8 and 9, bill of rights, and article 3, constitution, Iowa. Their contention is that property of an individual cannot be confiscated or forfeited by legislative enactment, but only by the judgment of a court, in accordance with due process of law; and that by said laws the legislature forfeits the property in question, and does not leave such forfeiture to the court; that property cannot be forfeited by an action against the person, but must be by action against the thing, and that in a criminal case for nuisance the property is not involved, and that the defendant is entitled to his day in court upon the question of the forfeiture of his property. We understand the law to be that property of individuals cannot be forfeited by legislative enactment; that such forfeitures can only be by the judgment of a court of competent jurisdiction, in a proper case, after due notice. Laws of 1886, chapter 66, section 5, (McClain's Code 1888, section 2389), under which decree is asked in this case, is as follows: "If the existence of the nuisance be established, either in criminal or equitable action, it shall be abated under the judgment and order of the court by seizing and destroying the liquor therein, and removing from the building, erection or place all fixtures, furniture, vessels and all movable property, used in or about the premises in carrying on the unlawful business, and selling the same in the manner provided

for sale of chattels under execution, and by securely closing the said building, erection or place as against the use or occupation of the same for saloon purposes." This statute does not forfeit property by legislative enactment, but, as in many other instances, authorizes and requires the courts, in cases where it has been established upon judicial investigation that property is such, or has been so used, as to constitute a nuisance, to abate the nuisance by destroying and selling the property. It is only by the judgment of a court that any person may rightfully destroy liquors found upon the defendants' premises described, or remove therefrom and sell the furniture, fixtures, etc., therein.

In actions, either criminal or equitable, wherein the existence of a nuisance is established under the law in question, the action is against the thing—the place—as well as against the person. In either case the question is whether the place was a nuisance, and, if so, then whether the person was engaged in keeping it. Such actions are against the thing as well as the person, and the person has due notice, and his day in court in which to defend against the forfeiture of his property as well as the punishment of himself.

Numerous authorities are cited by counsel for appellees in support of their position. As our conclusions above expressed are largely in harmony with the views of counsel, we need not refer to the authorities cited further than to say that there is nothing therein in conflict with the views that we have expressed. Our conclusion is that the statutes under notice are not in conflict with any of the provisions of the constitution of the United States, of the state of Iowa or the bill of rights.

IV. Appellees' further contention is that the court has no authority to order the sheriff to destroy whatever property may be found in a certain building, as such an order would leave to the discretion of the officer what to destroy and what not; that it is for the courts to determine what shall be destroyed. It appears without

*4. —: —: abatement: writ: definiteness.*

question that the defendants each owned the brewery property described in the respective petitions, and were using and were operating the same as breweries, and as we have found so in violation of law as to render each . of said places a nuisance. No question is made as to the identity of the real estate, as it is specifically described. We have no difficulty in finding from the testimony that all intoxicating liquors on the premises described are subject to seizure and destruction. It is a sufficient identification of them that they are found on the premises. Neither have we any difficulty in finding that all fixtures, furniture, vessels and all movable property, used on or about the premises in carrying on the unlawful business, should be seized and sold. We are unable, from the pleadings and proofs, to more definitely describe the fixtures, furniture, vessels and movable property to be removed and sold, than to say that it is that which was used on or about the premises in carrying on the unlawful business of manufacturing intoxicating liquors. An officer, holding the warrant of this court to abate these nuisances by seizing and destroying the liquors on the premises, and removing from the buildings all fixtures, furniture, vessels and movable property used on or about the premises in carrying on the unlawful business of manufacturing intoxicating liquors, and to sell the same, would not be at liberty to remove and sell property indiscriminately, but only that which was used on or about the premises described, and in the unlawful business of manufacturing intoxicating liquors. This describes the property to be destroyed and removed and sold as near and "particularly as may be." Such a description of the property to be destroyed and removed is more definite than is given to officers in many other writs, as, for instance, an execution or attachment. If an officer should assume to seize property, under such an order, that was claimed not to be covered by the warrant, the remedy of the owner is complete, either by proceedings against the officer, or by applying to the court for a proper order in the premises. These cases are unlike *Ieck v.*

*Anderson*, 57 Cal. 251, cited by counsel. In these cases, the officer acts under the warrant of the court, based upon an adjudication; in that, the statute held to be unconstitutional authorized the destruction of property, used in catching fish in violation of the law, by the peace-officer without any adjudication.

V. It will be noticed that section 2389 of McClain's code, quoted [above, in directing the manner in which

5. —: —: —: closing brewery "for saloon purposes."

the nuisance shall be abated, prescribes, in addition to the destruction of liquors, and removal and sale of fixtures, etc., that it shall be by securely closing the building "as against the use or occupation of the same for saloon purposes." Appellees' contention is that their premises were not used as saloons, nor for saloon purposes, but as breweries for the manufacture of beer; and hence that there is no authority for closing the same. The law is imperative that if the nuisance is established it shall be abated. The words "saloon purposes," as here used, mean more than simply a place for the retail of intoxicating drinks. The evident intent of the legislature is that the court should order the abatement of every place established to be a nuisance, either by being maintained for the unlawful manufacturing, selling or keeping for sale of intoxicating liquors. It would be a manifest disregard of the legislative intent to say that these nuisances should not be abated by being closed, as provided in the statute, simply because they are not generally designated as "saloons." The term "saloon," though often differently applied, as used in this statute, has reference to places that are nuisances by reason of the unlawful manufacturing, selling or keeping for sale of intoxicating liquors.

VI. The statute provides that "if successful in the action the plaintiff shall be entitled to an attorney's

6. —: —: —: attorney's fees: evidence.

fee of not less than twenty-five dollars, to to be taxed and collected as costs against the defendant." Laws of 1886, ch. 66, sec. 1. (McClain's Code, 1888, sec. 2385.) It is not questioned but that, if a greater sum than twenty-five

dollars is to be taxed, the court must fix the amount. Appellant claims a larger sum than twenty-five dollars in each case, and offered to prove that the value of the service was one hundred dollars, which evidence the court refused to receive, but, upon its own motion, ordered that fifty dollars' attorney's fee be taxed in each case.

We think that where there is no controversy as to the amount, the judge may, upon the record and his own knowledge of the services rendered in the case, fix the amount without testimony ; but, where there is a contention as to the amount to be taxed, testimony should be heard, and the amount determined from the testimony and record alone. To proceed otherwise would leave the parties without any record of the evidence upon which the amount was determined. The court should have heard the evidence offered by either party as to the value of the attorney's services, and decided therefrom and from the record the amount to be taxed.

The decrees entered in each case in the district court are reversed, and the cases are remanded, with direction to enter decree in each against the defendants therein, finding that they created, established and maintained, in and upon the respective premises described, a nuisance, to-wit, a place for the unlawful manufacture of intoxicating liquors, as charged in the amendments to the petitions ; and ordering and adjudging that said nuisances be abated by seizing and destroying any intoxicating liquors found on said premises and by removing from the buildings thereon all fixtures, furniture, vessels and all movable property used in or about the premises in carrying on the unlawful business of manufacturing intoxicating liquors, and for the sale of the same, and the application of the proceeds of the sale as provided by law ; that said buildings be securely closed as against the use or occupation of the same for the unlawful manufacture of intoxicating liquors, as provided by law ; and that the defendants, respectively, be perpetually enjoined and restrained from creating, establishing, keeping or maintaining said nuisance ;

and that the premises be enjoined from being used for the illegal manufacture of intoxicating liquors. The district court will hear testimony as to the value of the services rendered by plaintiff's attorney in each case, and enter judgment against the defendants, respectively, for costs, including such amount as attorney's fee as upon the record and the evidence the court may allow, which costs together with all costs incurred in the abatement of said nuisance, and the sale of said property, shall be declared to be a lien upon the real estate described in the respective petitions.

ReversED.