THE STATE OF IOWA, Appellee, v. ELIAS ADAMS, Appellant.

1. **Liquor Nuisance**: VENUE: PRACTICE. Forty days after indictment, and upon the eleventh day of the following term of court, and after his case was called for trial, the defendant filed a motion for a change of venue on the ground of prejudice, supported by his own affidavit, and those of three other persons. The next morning the state filed counter-affidavits of eleven persons, and the defendant asked until two o'clock in the afternoon to file additional affidavits. *Held*, that, no excuse for defendant's delay in making the application being shown, there was no abuse of discretion by the district court in refusing to grant defendant's request for additional time.

2. ———: INDICTMENT: JURISDICTION. The use of premises for the purpose of selling, and selling therein, intoxicating liquors prohibited by law, is an indictable offense under Code, section 1543, and upon a first violation of the provisions thereof, and is, therefore, within the jurisdiction of the district court.

3. ———: JUDGMENT. Upon a conviction under an indictment for maintaining a liquor nuisance upon certain prescribed premises, a judgment ordering the destruction of the liquors found upon the premises in controversy, and the removal and sale of all fixtures, furniture, vessels, and all moveable property used in, or about, the premises in carrying on the unlawful business, and that the building be closed, as against its use for saloon purposes, for the period of one year, unless sooner released as provided by law, is authorized by Acts, Twenty-first General Assembly, chapter 66, section 5.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

WEDNESDAY, JANUARY 21, 1891.

DEFENDANT was indicted for the crime of nuisance, committed by using certain premises for the purpose of selling therein, and by selling therein, intoxicating

VOL. 81—38

liquors in violation of law. He was tried, found guilty, and adjudged to pay a fine of three hundred dollars and an attorney's fee of twenty-five dollars and costs. It was also adjudged that the nuisance be abated, as provided by section 5, chapter 66, of the Acts, Twenty-first General Assembly. From that judgment he appeals.

*D. C. Cloud*, for appellant.

No appearance for the State.

ROBINSON, J.—I. Appellant complains of the refusal of the court to grant his petition for a change of venue to another county. The indictment on which defendant was tried was presented by the grand jury on the twenty-third day of September, 1889. The defendant was arrested, and on the twenty-sixth day of that month gave bond for his appearance at court to answer the indictment. On the second day of December, 1889, that being the eleventh day of the November term of court, this cause was called for trial. The defendant, not being in court, was sent for, and came into court with counsel, and a petition for a change of venue based on the alleged ground, that he could not receive a fair and impartial trial on account of prejudice against him in the county. The petition was verified by defendant only when he entered the court room, but he there obtained verification by three other persons and filed it. Thereupon the state asked for time until the next morning in which to present counter-affidavits, and the request was granted. On the following morning the counter-affidavits of eleven persons had been filed. Defendant then asked until two o'clock in which to file additional affidavits in support of his petition, but the court refused to give him further time, under the circumstances. The record discloses no reason for the delay of defendant in making application for the desired change, and the court may fairly have concluded that it was without merit, and made to delay the trial. We discover no abuse of the discretion lodged in the district court in denying

1. LIQUOR nuisance: venue: practice.

the application for additional time in which to present affidavits, and in denying the petition for a change of venue.

II. Appellant contends that the district court acted without jurisdiction of the case. His claim is

2. ——: indict-
ment: juris-
diction.

that the offense with which he is charged is the selling of intoxicating liquors without a permit, contrary to the provisions of section 1540 of the Code, as amended, or the owning or keeping of such liquors with the intent to sell the same in violation of law, contrary to the provisions of section 1542 of the Code, as amended; that, in either case, a trial for the first offense is within the jurisdiction of a justice of the peace, and it does not appear that he has been guilty of a second offense. But it clearly appears that the indictment was found under the provisions of section 1543 of the Code, as amended. It charges that defendant used the premises described for the purpose of selling therein, and that he did sell therein, intoxicating liquors prohibited by law. Under the section last specified an indictment may be found for the first offense. *State v. Howorth*, 70 Iowa, 158. The district court, therefore, had jurisdiction of the case.

III. Appellant insists that the district court exceeded its powers in ordering the destruction of the

3. ——: judg-
ment.

liquor found in the premises in controversy, in ordering the removal therefrom, and sale of all fixtures, furniture, vessels, and all movable property used in or about the premises in carrying on the unlawful business, and ordering the closing of the building as against its use for saloon purposes, and the keeping of it closed for the period of one year unless sooner released, as provided by law. The judgment complained of was fully authorized by section 5 of chapter 66 of the Acts, Twenty-first General Assembly, and the power of the general assembly to enact so much of that section as is now in question was affirmed in *Craig v. Werthmueller*, 78 Iowa, 603. The power of the court to order the abatement of a nuisance is not peculiar to cases involving the illegal sale of intoxicating liquors.

Section 4092 of the Code provides that "whoever is convicted of erecting, causing or continuing a public or common nuisance  *  *  *  shall be punished by a fine not exceeding one thousand dollars, and the court, with or without such fine, may order such nuisance to be abated, and issue a warrant as hereinafter provided." Sections 4093, 4094 and 4096 contain further provisions for the abatement of nuisances at the cost of the persons adjudged to be guilty of them. In *State v. Mullen*, 35 Iowa, 199, the defendant was convicted of the crime of nuisance committed by keeping a house of ill fame in a boat upon the Mississippi river. A judgment imposing a fine upon the defendant, and ordering the abatement of the nuisance and sale of the boat, was sustained. The assertion of appellant that the property was "confiscated" is not correct. The judgment provided that the proceeds of the sale of the personal property should be used to pay the costs of the action and abatement, and in satisfaction of the fine and costs adjudged against defendant, and that the balance, if any, remaining should be paid to him, and was authorized by section 6, chapter 66, Acts, Twenty-first General Assembly. The closing of the building for one-year was a consequence of the unlawful acts of defendant designed to secure the enforcement of the law.

We discover nothing in the record which justifies a reversal of the judgment of the district court. It is, therefore, AFFIRMED.