THE STATE OF IOWA, Appellee, v. ALONZO McENTURFF, Appellant.

1. **Intoxicating Liquors**: NUISANCE: INDICTMENT. An indictment for the crime of nuisance under the provisions of section 1543 of the Code, forbidding the use of any building for the manufacture or sale of intoxicating liquors, need not allege that the building so used is a place resorted to by persons desiring to buy intoxicating liquors.

2. ———: ———: ATTORNEY FEES. Where there is a controversy in
regard to the value of the services rendered by the attorney for the
state in such cases, the amount of the attorney fee should be deter-
mined by the court upon the record and the evidence that may be
introduced.

*Appeal from Shelby District Court.*—HON. N. W. MACY,.
Judge.

WEDNESDAY, MAY 10, 1893.

THE defendant was convicted of the crime of
nuisance, alleged to have been committed by erecting
and maintaining a building, and keeping for sale
and selling therein intoxicating liquors in violation of
law. From a judgment which required him to pay a
fine and costs he appeals. The state appeals from so
much of the judgment as fixed the amount of the fee
for the county attorney.—*Upon state's appeal, Reversed;*
*upon defendant's appeal, Affirmed.*

*Benj. I. Salinger,* for appellant.

*John Y. Stone,* Attorney General, and *J. B.*
*Whitney,* for the State.

ROBINSON, C. J.—The indictment charges that on
a date specified, in the county of Shelby, in the state
of Iowa, the defendant did "erect, establish, continue,
and use a building, erection, and place, with the intent,
and for the purpose then and therein, to sell intoxicat-
ing liquors contrary to law, and with the intent and for
the purpose then and there and therein, to own, keep,
and be concerned, engaged, and employed in owning
and keeping intoxicating liquors, with intent unlaw-
fully to sell the same within said state, contrary to the
form of the statute in such cases made and provided,
and against the peace and dignity of the state of
Iowa."

I. The appellant contends that the indictment
was defective in omitting to charge that liquor was

1. INTOXICATING · either kept for unlawful sale, or unlaw-
LIQUORS: fully sold, in a place resorted to by
NUISANCE: persons desiring to buy intoxicating
INDICTMENT.
liquors, and that the court erred in charging the jury
that proof that the place was so resorted to was not
essential to a conviction. The indictment was found
under section 1543 of the Code. That provides that
"whoever shall erect or establish or continue or use any
building, erection, or place for any of the purposes·
prohibited in said sections [1525, 1540–1542, of the
Code] shall be deemed guilty of nuisance, and may be
prosecuted and punished accordingly." Section 1525
relates to the illegal manufacture of intoxicating
liquors. Section 1540 provides for the punishment of
persons who shall without a permit sell, or, in consid-
eration of the purchase of any other property, give, to
any person intoxicating liquors. Section 1541 provides
that any person who shall mix any intoxicating liquor
with any beer, wine, or cider by him sold, and shall
sell or keep for sale as a beverage such mixture, shall
be deemed guilty under section 1540, and be punished
accordingly. Section 1542 prohibits all persons from
owning or keeping, or from being in any manner con-
cerned, engaged, or employed in owning or keeping,
any intoxicating liquors, with intent to sell the same
within this state, or to permit the same to be sold
therein in violation of law. It will be noticed that the
acts of manufacturing in violation of law, or selling, or
giving away in consideration of the purchase of other
property in violation of law, or mixing intoxicating
liquors with any beer, wine, or cider, and selling or
keeping for sale as a beverage the mixture, or the
owning or keeping, or being in any manner concerned,
engaged, or employed in owning or keeping, any in-
toxicating liquor, with intent to sell or to permit it to
be sold in this state in violation of law, constitute the
offenses prohibited in the sections specified, without

regard to the place in which the prohibited acts are performed. Section 1543 is designed to prevent and punish the erection, maintenance, and use of buildings and other places for the purpose of doing therein those things which are prohibited by the other sections. It does not require that such places be resorted to by persons desiring to buy intoxicating liquors, to constitute the crime of nuisance. Under section 1542 the finding of the liquor named in the indictment in the possession of the accused in his private dwelling house, or its dependencies, if it be a tavern, public eating house, grocery, or other place of public resort, is presumptive evidence that the liquor was kept or held for sale contrary to the provision of that section. Sales are not essential to the commission of any of the offenses prohibited by sections 1525, 1541, and 1542, and the sales prohibited by section 1540 may be made as readily to the person who visits the place of business of the seller for an object sanctioned by law as to one who resorts to it for the purpose of buying the liquor. No doubt the statute is designed in part to prevent the maintenance of places to which persons may go for the purpose of buying liquors, which can not be sold except in violation of the law; but it is not true that the resorting to the place in which the liquor is manufactured or kept, by persons desiring to purchase it, is a necessary element of the crime of nuisance, as defined by section 1543, and it is not necessary that such resorting to be charged in the indictment. Our conclusion is supported to some extent by the following cases: *State v. Price*, 75 Iowa, 244; *State v. Viers*, 82 Iowa, 398. We are not unmindful of the fact that in *State v. Harris*, 64 Iowa, 288, it was said that the state, in order to convict, "must establish that intoxicating liquors were sold, or kept with intent to sell, in a building or place which is resorted to by persons desiring to procure intoxicating liquors." That was

said with special reference to the indictment and evidence then under consideration, and can not be regarded as a correct statement of a rule of law of general application to cases arising under section 1543. We conclude that there was no error in the matters of which defendant complains.

II. At the time judgment was rendered against the defendant, the county attorney asked leave to introduce testimony to prove that the value of his services in conducting the trial on the part of the state was from one hundred and twenty-five to one hundred and fifty dollars, and requested the court to fix the attorney's fee at one hundred and twenty-five dollars. The court refused to hear any testimony as to the value of the services, and assessed the amount to be allowed as an attorney's fee at twenty-five dollars. It is contended on behalf of the state, in effect, that section 1, chapter 66, of the acts of the Twenty-first General Assembly governs the taxing of attorneys' fees in cases of this kind. That section provides that "if successful in the action, the plaintiff shall be entitled to an attorney's fee of not less than twenty-five dollars, to be taxed and collected as costs against the defendant." In *Craig v. Werthmueller*, 78 Iowa, 606, it was said that, where there is no controversy as to the amount which should be taxed under that provision, it may be fixed by the judge, upon his knowledge of the services rendered and the record, without testimony; but that, where there is contention as to the amount to be taxed, testimony should be heard, and the amount determined from the testimony and the record alone. The section provides for the taxing of attorneys' fees in civil actions to enjoin nuisances, defined by section 1543 of the Code, and has no application to criminal cases prosecuted by indictment under that section. Attorneys' fees in such criminal cases are authorized by the fourth section of

chapter 66, referred to, which provides that whoever is convicted of keeping a nuisance under section 1543 of the Code, as it is amended by section 12, chapter 143, Acts Twentieth General Assembly, shall pay a fine and costs of prosecution, "and the costs shall include a reasonable attorney's fee, to be assessed by the court." By section 1 the attorney's fee is "to be taxed," and by section 4 it is "to be assessed by the court." The effect of those two provisions is substantially the same. To tax a fee, within the meaning of the statute, is to fix or determine it, and to assess a fee is to do the same thing. Actions to enjoin nuisances are triable by the court without a jury, but criminal cases are triable by jury; and it was deemed proper by the general assembly to provide that in such cases, under section 1543, an attorney's fee should be allowed, but that it should be determined by the court, and not by the jury. The amount assessed must be reasonable, depending upon the skill, time, and labor the attorney has properly devoted to the case. Where there is a controversy in regard to the value of the services rendered by the attorney, it should be determined upon the record of the case and the evidence which may be submitted. In this case, if the value of the services rendered by the attorney for the plaintiff was what he claimed it to be, the amount assessed as an attorney's fee was not reasonable. It appears that the time occupied by the attorney in preparing the case for trial and in trying it was three or four days. We think the court erred in refusing to hear evidence in regard to the value of the services. So much of the cause as involves the assessment of an attorney's fee will be remanded for further action in the district court. The judgment of that court on the appeal of the defendant is affirmed. So much of it as is involved in the appeal of the state is REVERSED.