STATE OF IOWA v. A. F. McEnturff, *et al.*, Appellants.

Criminal Law: APPEAL: *Procedendo on affirmance.* Code, sections 4541 to 4545, provide that, on an appeal in a criminal case, on judgment of affirmance against defendant, the original judgment shall be carried into effect as the supreme court shall direct; that a certified copy of its judgment must be remitted to the clerk óf the district court in which the judgment appealed from was rendered, with proper instructions, and a copy of the opinion; that, after the certified copy of the judgment and the instructions have been remitted, all proceeding to carry the judgment into effect must must be had in the court to which it is remitted. *Held*, that a simple procedendo—stating that the judgment of the district court, in a criminal action, had been affirmed, and then directing the court to proceed in execution of the judgment, the same as if no appeal had been taken—was, on direct attack, by appeal from an order forfeiting a bond while nothing but said procedendo was on file, insufficient to authorize the district court to declare defendant's bail bond forfeited for non-appearance. The bondsman had a right to object to a forfeiture until the records of the district court showed a proper remand, under the statute.

*Appeal from Shelby District Court.*—HON. WALTER I. SMITH, Judge.

THURSDAY, MAY 21, 1896.

THIS is an appeal by the defendants, from an order forfeiting a bail bond, given in a criminal case, upon an appeal from the district court to this court.— *Reversed.*

*B. I. Salinger* for appellants.

*Whitney Bros.* for appellee.

ROTHROCK, C. J.—The defendant, McEnturff, was convicted of keeping a liquor nuisance. His trial was had in the district court, in November, 1892. He appealed

to this court, and gave a supersedeas bond in the sum of five hundred dollars. The other defendants herein executed the bond as sureties. On the tenth day of May, 1893, this court affirmed the judgment, 87 Iowa, 691 (55 N. W. Rep. 2). On the fifteenth day of the same month, the clerk issued a procedendo, which was filed in the district court, on the next day. Within thirty days after the opinion was filed in this court, McEnturff gave notice of his purpose to file a petition for rehearing. The petition was filed within the proper time, and on the fourteenth day of October, 1893, the petition for rehearing was overruled. No other order or procedendo was at any time issued from this court. On the eighteenth day of April, 1894, counsel representing the prosecution, appeared in the district court, and asked that the bail bond be declared forfeited. McEnturff had not appeared in court at any time after giving the bond, and, upon being called to surrender himself as required by the bond, he failed to appear, and the order of forfeiture was entered. Afterward the other defendants, sureties in the bond, surrendered McEnturff to the sheriff of Shelby county, and the sheriff kept him in his custody until further imprisonment was suspended by order of the governor of the state. Before the surrender was made an action had been commenced to recover judgment on the forfeited bond.

The ground upon which it was contended that the district court erred in declaring the bond forfeited, is that the procedendo; or mandate from this court was not in compliance with the law, and that the district court therefore erred in making the order of forfeiture. It does not appear that the procedendo was formally recalled when the petition for rehearing was filed. But that is immaterial, because the district court did not assume jurisdiction until after the petition for rehearing was overruled. When that event

occurred, the procedendo was on file, and the only question we have to determine, is whether it was sufficient in form to authorize the district court to proceed to forfeit the bond. The procedendo was in the usual form on the affirmance of a criminal case. It stated that the case had been affirmed by this court, and directed the court below to proceed in the execution of the judgment of the district court, the same as if no appeal had been taken. Appeals in criminal cases, and the remanding of them to the court below, after a decision in this court, are regulated by the following provisions of the Code. Section 4541, is as follows: "On a judgment of affirmance against the defendant, the original judgment shall be carried into execution as the supreme court shall direct, except as hereinafter provided." Section 4542: "When a judgment of the supreme court is rendered, it must be recorded, and a certified copy of the judgment must be forthwith remitted to the clerk of the district court in which the judgment appealed from was rendered with proper instructions, and a copy of the opinion, in such time, and in such manner, as the supreme court may by rule prescribe." Section 4543: "After the certified copy of the entry of the judgment of the supreme court, and its instructions, have been remitted, as provided in the preceding section, the supreme court has no farther jurisdiction of the proceedings therein, and all proceedings which may be necessary to carry the judgment of the supreme court into effect, must be had in the court to which it is remitted, or by the clerk, except as provided in the next two sections." We do not think that the procedendo issued in this case was a compliance with the sections of the statute above cited. At least, it was insufficient to authorize the forfeiture of the bond, as against the sureties therein, and over their objection. The liability of the sureties should be shown,

VOL. 98 Ia—27

in conformity to the law. It is not to be understood that we hold a procedendo, in this form, is not sufficient when attacked collaterally. It may be that the right to object to it may be waived. But this is an appeal from the order of forfeiture, and it presents the claim that the court erred in so construing the record that the bond might be forfeited. The question is raised directly, and we think it was the right of the defendants to stand on their rights under the statute, and object to a forfeiture until the records of the district court showed that the case had been properly remanded. The order of the district court is REVERSED.