JANE FITZGERALD, Appellant v. MARY PAISLEY, Executrix.

**Executors: COMPENSATION.** The rate of commission of executors and administrators fixed by Code, section 3415, for handling the funds of the estate, is not adequate compensation to an executor for investing the funds of a large estate, and collecting and paying interest annually to the legatees; for he is entitled to something for extraordinary services, as provided by the section.

**EVIDENCE.** Where no evidence is offered as to the value of an executor's services in investing and collecting interest on funds of the estate, the court cannot fix the amount of his compensation.

**LIABILITY FOR INTEREST.** Where an executor is directed to invest a fund, and pay the interest annually to the legatees, he is not required to account for the legal rate of interest, but only for such amount as he receives.

REPORTS: *Res adjudicata.* The overruling of objections to an exec-
utor's charges, as made in a prior report, is not *res adjudicata* on
a subsequent hearing as to such charges, where the merits of the
matter are not passed on.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED,
Judge.

FRIDAY, DECEMBER 15, 1899.

RICHARD PAISLEY, by his will, bequeathed to plaintiff,
his daughter, the sum of five thousand one hundred dollars,
and to each of three sons the sum of three thousand one hun-
dred dollars. It was provided that the whole of this sum,
fourteen thousand four hundred dollars, should remain in
the hands of his wife, as executrix of his will; that she
should invest it, and pay over the interest annually to each of
said legatees, the principal to go to them after the wife's
death. On April 1, 1889, the estate was closed, except as
to such trust. Since that time the trustee has been annually
paying over the interest and reporting to the court. In these
reports she has set forth an annual charge for services of
1 per cent. on the amount invested, one hundred and forty-
four dollars. These reports were made without notice to
the cestuis que trust. They were approved from time
to time. To the report for 1896, filed August 17,
1897, this plaintiff objected; claiming that the trustee
should charge herself with all the moneys in her
hands arising from said estate, save the amount allowed by
statute as commission to executors and administrators, under
section 3415, Code, with 1 per cent. added on the annual
interest collected and disbursed. No evidence was intro-
duced as to the value of defendant's services, but the court
approved the amount of her charges as made, save for the
last year, and fixed that at one hundred dollars. Plaintiff
appeals.—REVERSED.

*William Graham* for appellant.

*W. S. Wright* for appellee.

WATERMAN, J.—An administrator merely collects money owing the estate, and pays it over to those entitled. He makes no investments, passes on the value of no securities, and incurs none of the responsibility that attaches to one who is obliged to transact such business. We do not think the rate of commission fixed in section 3415 is adequate compensation for such service as defendant must have performed. She was, without doubt, entitled to something for necessary and extraordinary services, as provided in that section. Plaintiff argues that the requirement of the will that the trustee pay over annually the interest on the trust fund meant that she account for at least 6 per cent. net, that being the legal rate. Such a construction cannot be sustained. The trustee was obliged to use reasonable care in investing the money, so as to produce an income. When this was done, she was under obligation to account only for the interest she received, less taxes and her lawful fees.

But the record shows affirmatively that no evidence was offered of the value of her services, and, under these circumstances, we do not think the court was authorized to fix the amount of her compensation. We have held with relation to attorney's services, where the fee is to be fixed by the court, that, when the value is in dispute, the court cannot fix the same without taking evidence as to the amount. *Craig v. Werthmueller,* 78 Iowa, 598.

It is thought by appellee that because the court overruled plaintiff's objections to these charges as made in the report of 1895, and no appeal was taken therefrom, the matter as to all but the last year's charge is *res judicata.* But the entry setting forth that ruling shows that the merits of the matter were not passed upon; for the court expressly reserved a future right of exception to plaintiff. For the error mentioned, the ruling is REVERSED.

GRANGER, J., not sitting.