(92 South. 883)

No. 25226.

STATE v. COCO.

(May 15, 1922. Rehearing Denied by Whole Court June 7, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬥⟹94—City court has jurisdiction when offense not punishable by imprisonment in penitentiary at hard labor.**

Under Const. 1921, art. 7, § 51, and Act No. 96 of 1921 (Ex. Sess.), a city court has jurisdiction of all offenses where the imprisonment may not be at hard labor in the state penitentiary.

2. **Indictment and information ⬥⟹4—Prosecutions in city court may be by affidavit.**

Under the express provisions of Act No. 96 of 1921 (Ex. Sess.), enacted pursuant to Const. 1921, art. 1, § 9, prosecutions in a city court may be by affidavit instead of indictment or bill of information.

3. **Indictment and information ⬥⟹110(31), 121(2)—Affidavit not defective because not specifying kind or quality of liquor or nature and character of possession, and defendant's remedy was to demand bill of particulars.**

Where an affidavit for possessing intoxicating liquors followed the language of Act No. 39 of 1921 (Ex. Sess.), it was not defective because not specifying the kind and quality of liquor possessed, or describing the nature and character of defendant's possession, defendant's remedy being to call for bill of particulars.

4. **Statutes ⬥⟹114(6)—Title of act prohibiting manufacture, etc., of liquor held sufficiently to cover provisions of act.**

The title of Act No. 39 of 1921 (Ex. Sess.), reciting that it is an act to prohibit the manufacture, etc., of intoxicating liquors for beverage purposes and for nonbeverage purposes "except where authorized by permit from federal authorities," is sufficient to embrace the provisions in the body of the act; the quoted phrase referring to liquors for nonbeverage purposes only, as does the corresponding provision in the body of the act.

5. **Statutes ⬥⟹114(6)—Title of act prohibiting manufacture, etc., of liquor held sufficient to cover all liquids fit for use for beverage purposes.**

The title of Act No. 39 of 1921 (Ex. Sess.), reciting that it is an act to prohibit the manufacture, etc., of intoxicating liquors for beverage purposes or for nonbeverage purposes except when authorized by federal permit, is sufficient to authorize the inclusion by name of all generally recognized intoxicating liquors used for beverage purposes, and also all other spirituous, vinous, malt, alcoholic, medicated, or proprietary liquids fit for use, or that may be used as a beverage or for intoxicating beverage purposes.

6. **Statutes ⬥⟹109—Title need not recite subject-matter of every incidental provision.**

The Constitution does not require that the subject-matter of every provision in an act incident to the main object and purpose should be recited or detailed in the title, and it is sufficient that the general subject is stated in such language as will fairly inform the reader of the object sought to be attained.

**7. Intoxicating liquors ⬥17—Statutes ⬥107(3)—Provision of statute excluding manufacture or possession of liquors in one's home held not foreign to purpose of act, and not unconstitutional.**

Act No. 39 of 1921 (Ex. Sess.), § 4, providing that nothing therein shall be construed to forbid the possession of intoxicating liquors in one's private dwelling, etc., or prevent a householder from brewing beer and fermenting wine for the use of himself and family, though probably not warranted by the federal amendment and statute, is not foreign to the purpose of the act, and does not introduce a different object and purpose, and violates no provision of the state Constitution.

**8. Intoxicating liquors ⬥137, 139—Statute held not to authorize manufacture or possession in one's home, but merely to exclude them from prohibitory provisions.**

Act No. 39 of 1921 (Ex. Sess.), § 4, providing that nothing therein shall be construed to forbid the possession of intoxicating liquors in one's private dwelling, etc., or to prevent a householder from brewing beer or fermenting wine for himself and family, etc., does not authorize or sanction the possession of liquor or the manufacture of beer or wine in one's home, but merely excludes them from the prohibitive provisions, and neither authorizes nor prohibits such manufacture or possession.

**9. Statutes ⬥64(9)—Provision of statute referring to federal legislation held not to apply to "liquors" named and separable from provision relative thereto; "intoxicating liquors."**

Under Act No. 39 of 1921 (Ex. Sess.), § 8, providing that "liquor" or "intoxicating liquors", therein shall include alcohol, whisky, brandy, etc., and any spirituous, vinous, malt, or fermented liquor or liquids, by whatever name called, "as defined by federal legislation," and all alcoholic liquids, medicated, proprietary, or patented, fit for use as a beverage, or for intoxicating purposes, "all as defined by federal legislation," the quoted references to federal legislation have no application to liquors specifically named, and, if violative of Const. 1921, art. 3, § 18, are separable from the provision relative to the named liquors and do not render the statute as a whole unconstitutional, especially in view of National Prohibition Act, tit. 2, § 1.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intoxicating Liquor; Liquor.]

**10. Statutes ⬥225—Construed together when in pari materia.**

Statutes in pari materia are to be construed together.

**11. Constitutional law ⬥48—Laws presumed constitutional, and doubt resolved in favor of validity.**

The presumption is that a law is constitutional, and in doubtful cases the doubt may be safely resolved in favor of the validity of the law.

**12. Constitutional law ⬥48—Act carrying prohibition amendment into effect not stricken down unless manifestly unconstitutional.**

Act No. 39 of 1921 (Ex. Sess.), enacted to carry into effect Const. U. S. Amend. 18, though subject to strict construction as a penal statute, should not be stricken down unless obviously and manifestly contrary to the Constitution and laws of the United States, or the Constitution of the state.

**13. Constitutional law ⬥42—One cannot question validity of provisions not applicable to his offense.**

One prosecuted for possessing whisky cannot question the validity of provisions of the law having no application or relevancy to whisky.

**14. Intoxicating liquors ⬥222—Not necessary to negative exceptions in statute.**

An affidavit for possessing intoxicating liquors need not negative the exceptions contained in the statute.

**15. Indictment and information ⬥161(6)—Mistake in affidavit as to defendant's name may be corrected.**

Under 1 Rev. Laws 1904, p. 492, § 1047, the affidavit on which a prosecution for possessing liquor was based might be amended by correcting a mistake as to defendant's name.

**16. Criminal law ⬥1160—Approval of conviction on officer's unsupported testimony was within province of trial court.**

Overruling a motion for new trial claiming that defendant was found guilty of possessing liquor on the unsupported testimony of the arresting officer, contradicted by defendant and his clerk, was a matter entirely within the province of the judge; the Supreme Court being without jurisdiction to try a criminal case on the merits.

**17. Intoxicating liquors** ☞233(2)—**Evidence of finding of jugs having odor of whisky admissible in corroboration.**

On a trial for possessing whisky, evidence that a number of jugs having the odor of whisky were found in defendant's store was admissible to corroborate the arresting officer's testimony as to finding of whisky in the store.

**18. Criminal law** ☞1020—**Supreme Court has jurisdiction in liquor case where fine exceeding $300 was imposed.**

Under Const. 1921, art. 7, § 10, an appeal lies to the Supreme Court in a prosecution for possessing liquor where a fine exceeding $300 has been imposed.

**19. Criminal law** ☞1134(3)—**Whether defendant entitled to appeal to different court not determined.**

On an appeal to the Supreme Court under Const. 1921, art. 7, § 10, from conviction for possessing liquor, whether defendant might have appealed to the district court under section 36 cannot be determined.

St. Paul, J., dissenting in part.

Appeal from City Court of Alexandria; Al Hundley, Judge.

F. C. Coco was convicted of possessing intoxicating liquors for beverage purposes, and he appeals. Affirmed.

Bruton T. Dawkins, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

THOMPSON, J. The defendant, F. C. Coco, was charged by affidavit before the city court of the city of Alexandria with violating Act No. 39 of the Extra Session of the Legislature of 1921, known as the "Hood Bill." The pertinent part of the affidavit is as follows:

"That said F. C. Coco,. unlawfully, maliciously, and feloniously did possess intoxicating liquor for beverage purposes, contrary to the statute ·of the State of Louisiana and against the peace and dignity of the same."

The defendant was tried, found guilty, and. sentenced to pay a fine of $500 and costs, and to serve 60 days in the parish jail, and, in default of paying the fine and costs, to serve four months additional. He appeals, and submits six bills of exception, which will be considered in the order in which they appear in the record.

### Bill No. 1.

This bill was reserved to the overruling of a plea to the jurisdiction of the city court and of a motion to quash the affidavit on which the prosecution was based. In support of the plea of want of jurisdiction, it is contended that the penalty which may be imposed under Act 39 of 1921 exceeds the maximum jurisdiction conferred upon municipal courts by the Constitution.

[1] The Constitution of 1921 (section 51, art. 7) specially confers the power on the Legislature to. abolish justice of the peace courts in wards embracing the parish seat, or containing ·cities of more than 5,000 inhabitants, and to create in their· stead courts with such civil jurisdiction as was vested in justice of the peace courts and with criminal jurisdiction, "which shall not extend beyond the trial of offenses not punishable by imprisonment at hard labor under the laws of this state." This provision of the Constitution was carried into effect by Act No. 96 of the Extra. Session of 1921. So that the jurisdiction of the city court of the city of Alexandria extends to all offenses against the laws of the state where the imprisonment may not be at hard labor in the state penitentiary.

[2] It is further alleged that—

"It is illegal to try defendant for any alleged offense against the state without the presentment of an indictment by the grand jury or bill of information filed by the district attorney."

This contention is covered by section 9, art. 1, Const. 1921, and by Act No. 96 of the same year, which specifically authorizes prosecutions on affidavit.

[3] It is further contended that the affidavit does not specify or describe any par-

ticular crime or offense against defendant. The affidavit follows the language of the statute, and charges the defendant with having in his possession intoxicating liquors for beverage purposes. This is all that was required. It was not essential to specify the kind nor the quantity of liquor possessed. Nor was it necessary for the affidavit to describe the nature and character of defendant's possession of the liquor. If the affidavit was deficient in the particulars named, the defendant should have called for a bill of particulars.

[4] It is finally alleged in the motion to quash that Act No. 39 of 1921 is unconstitutional, null, and void, for the reason that its title does not sufficiently indicate the purpose of the act, and that the body of the act is broader than the title, and contains more than one object and purpose.

There were a number of cases in which the constitutionality of the act in question is attacked submitted at the same time the present case was submitted, without argument, and it was agreed that the oral arguments and the briefs filed in the other cases on the question under consideration should apply to this case.

The title of the act reads as follows:

"To prohibit the manufacture, sale, transportation, delivery, possession, advertisement, exportation, and importation of intoxicating liquors for beverage purposes, and for nonbeverage purposes, except where authorized by permit from proper federal authorities, and to provide penalties for the violation of this act, and to provide for the detection, seizure, and disposition of illegally held liquors and apparatus."

It is urged that there is a conflict between the title and the text of the act, in that the title prohibits possession of intoxicating liquors for beverage purposes, except where authorized by permit from federal authorities, whereas the body of the act prohibits possession of such liquors for beverage purposes without exception or limitation. We find no inconsistency such as contended for. The phrase in the title, "except where authorized by permit," etc., refers to liquors for nonbeverage purposes, and the second paragraph of the first section of the act corresponds with that part of the title relating to liquors for nonbeverage purposes.

[5, 6] It is argued that the title is defective for the reason that it does not define the kind of intoxicating liquors for beverage purposes intended to be prohibited. As we have seen, the title of the act is to prohibit the manufacture, sale, etc., of intoxicating liquors for beverage or nonbeverage purposes. This was sufficient to authorize the inclusion by name within the terms of the act all well-known and generally recognized intoxicating liquors used for beverage purposes, and to define and include therein all other spirituous, vinous, malt, alcoholic, medicated, or proprietary liquids which are fit for use, or that may be used, as a beverage, or for intoxicating beverage purposes. It is not of constitutional requirement that the subject-matter of every provision appearing in the act which is incidental to the main object and purpose of the act should be recited or detailed in the title. It is sufficient that the general subject of the law be stated in the title in such language as will fairly inform the reader of the object sought to be attained. The title under consideration, in concise and appropriate words, which cannot be misconstrued or misunderstood, declares the purpose to be to prohibit the "manufacture, sale, possession," etc., of intoxicating liquors for beverage and nonbeverage purposes.

[7, 8] It is further contended that the act contains more than one object; that it seeks to prohibit and at the time to regulate the manufacture, sale, etc., of intoxicating liquors for beverage and nonbeverage purposes. The basis for this contention is said to be found in section 4 of the act. That section reads:

"That nothing in this act shall be construed to forbid the possession of intoxicating liquors

in one's private dwelling or abode while the same is occupied by him as such a dwelling, provided such intoxicating liquors were legally acquired and are only for personal consumption by the owner thereof and his family, residing in such dwelling and his bona fide guests, when entertained by him therein.

"Nothing in this act shall be construed to prevent a citizen who is a householder from brewing beer and fermenting wine for the use of himself and his family in his home and his bona fide guests entertained in such home."

The latter clause of the section was probably not warranted by the federal amendment and the act of Congress, but we do not find that the section as a whole contravenes any provision of the Constitution of the state. The subject-matter of the section is not foreign to the purpose of the statute, nor does it introduce into the act a different object and purpose from that intended to be accomplished. The provision does not directly or indirectly authorize or permit a person to possess intoxicating liquors for beverage purposes in his private dwelling. Nor is it open to the objection that it authorizes or sanctions the manufacture of beer and wine in one's home for beverage purposes for himself and his family. The only reasonable interpretation to be placed on the section is that the possession of liquors in the home and the brewing of beer are matters which are not to be considered as included in the prohibitive provision of the act. In other words, the section neither authorized nor prohibited the act of having liquors in one's home nor the making of beer or wine therein. If the entire section (4) was stricken from the act, it would not affect its validity, nor does its inclusion, render the act constitutionally objectionable. The section, except the second paragraph, was copied almost literally from the federal statute, and the added phrase, "provided such intoxicating liquors were legally acquired," lends strength to the idea that it was not the purpose to authorize or to permit the possession of liquors in the home in violation of the act. The possession is prohibited unless the liquors are acquired and possessed in conformity with the federal laws.

[9] A more serious attack upon the act is that directed against section 8, which section is as follows:

"That the word 'liquor' or the phrase 'intoxicating liquors' wherever used in this act shall be construed to include alcohol, whisky, brandy, rum, gin, beer, ale, porter, wine, and any spirituous, vinous, malt or fermented liquor or liquids by whatever name called, as defined by Federal legislation, and all alcoholic liquids, either medicated, proprietary, or patented, which are fit for use as a beverage or for intoxicating beverage purposes, all as defined by federal legislation."

It is contended that this section undertakes, in defining what should be considered intoxicating liquors for beverage purposes, to adopt as a part of the statute the legislation of Congress, and is in violation of section 18, art. 3, of the Constitution of 1921, which provides that the Legislature shall never adopt any system or code of laws by general reference to such system or code of laws, but in all cases shall recite at length the several provisions of the laws it may enact. It is to be observed that section 8 designates three different classes of intoxicants or liquids which are to be regarded as intoxicating liquors for beverage purposes. The first nine enumerated are commonly known, and are all well recognized as intoxicating liquors, and required no specific definition. It would have been useless and mere surplusage to have referred to any other legislation or even to a lexicographer for a definition. The second class includes:

"Any spirituous, vinous, malt, or fermented liquor or liquids by whatever name called, as defined by federal legislation."

The third class includes:

"All alcoholic liquids, either medicated, proprietary or patented, which are fit for use as a beverage or for intoxicating beverage purposes, all as defined by federal legislation."

That the three classes are treated as distinct and separate is apparent from the mere

reading of the section. The reference to federal legislation for a definition, at the end of the second and third enumeration, in our opinion does not relate to the liquors first mentioned in the section. It would be absurd to say that reference was made to the act of Congress for a definition of alcohol or of whisky or brandy to ascertain what per cent. of alcohol was necessary to make the named liquors intoxicating or fit for use as beverages. After the word "wine" there is a comma, and then follow the words, "and any spirituous," etc, "by whatever name called, as defined by federal legislation." And after "legislation" is a comma, followed by the phrase, "and all· alcoholic liquids, either medicated, proprietary or patented, which are fit for use as a beverage or for intoxicating beverage purposes, all as defined by federal Legislation." If it was the purpose of the Legislature to refer to federal legislation for a definition of all the liquors or liquids enumerated in the section, why, then, were the words "as defined by federal legislation" twice used in the sections? The employment of the words "as defined by federal legislation" after the words "by whatever name called," and again at the end of the section following the words "which are fit for use as a beverage," makes clear the intention of the Legislature to refer to the federal legislation only for·a definition of the liquors or liquids enumerated immediately preceding the words "federal legislation," and which we have designated as the second and third class, and not to direct attention to federal legislation for a definition of the well-known liquors which are enumerated in the first part of the section.

We find support in this interpretation by the National Prohibition Act of October 28, 1919 (41 Stat. 307), tit. 2, § 1, "Definitions," which reads:

"The word 'liquor' or the phrase, 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name callèd, containing one-half of 1 per centum or more of alcohol, by volume which are fit for use for beverage purposes."

[10] It will be seen from the foregoing quoted section that the phrase "containing one-half of 1 per centum or more of alcohol," etc., refers directly to the liquids named after the words, "and in addition thereto any," etc., and does not relate to the first nine well-known intoxicants. Section 8, under consideration, is almost a perfect replica of the section we have quoted from the act of Congress, and, if said section 8 had used the phrase, "and in addition thereto," etc., immediately after the word "wine," there would have been no sort of doubt that the reference to federal legislation for a definition included the liquids following and excluded those previously enumerated. It is a doctrine universally ·accepted that statutes in pari materiæ are to be construed together. Gruner v. Police Jury of Claiborne Parish, 119 La. 551, 44 South. 295.

The section may be inartistically constructed and grammatically inaccurate, but, as has been often well said in construing statutes:

"If the rules of a nice and fastidious verbal criticism be followed, legislative action will be often frustrated without fulfilling the intention of the Constitution; whose chief object is to preserve the loose legislation."

[11] It is not the policy of the courts to construe the acts of the Legislature too rigorously and technically. The presumption is that the law is constitutional, and in doubtful cases the doubt may be safely resolved in favor of the validity of the law to the end of carrying out the main purpose of the law.

"That construction must.obtain which would give [the statute] constitutional life, rather than another construction, of which it might be susceptible, which would strike it with constitutional death." Grinage v. Times Democrat Publishing Co., 107 La.· 121, 31 South. 682.

[12] The people of the several states, through their state legislatures, in the manner prescribed by the federal Constitution, adopted the prohibition amendment. That amendment conferred upon the states concurrent power by "appropriate legislation" to make effective the amendment. The passage of the act under consideration was to accomplish, in so far as it was possible to accomplish by statute law, the main purpose had in view, subject to the limitations and restrictions imposed by the amendment and the federal legislation thereunder. And, while, as a penal statute, it should be strictly construed so as to bring the accused clearly within its terms, it should not be stricken down unless found to be obviously and manifestly contrary to the Constitution and laws of the United States, or in violation of the Constitution of this state.

[13] Our conclusion is that that part of section 8 which refers to federal legislation is separable from that part which enumerates the liquors which are commonly accepted and generally understood as intoxicating beverages, and that, though the objectionable part may be obnoxious to the Constitution of the state, on which question we do not express any opinion, the statute as a whole is not unconstitutional, and may be enforced in cases not falling within the terms of the objectionable part. The agreed statement of facts shows that the intoxicating liquor which defendant had in his possession was "whisky." He is therefore without interest to question the validity of the provisions of the law which have no application or relevancy to his case. State v. Rogers, 148 La. 653, 87 South. 504.

## Bill No. 2.

[14] This bill was reserved to the action of the court in overruling an objection to testimony to the effect that the liquor was found in defendant's place of business, and not in his home. It is contended that the testimony was inadmissible because the affidavit did not negative the exceptions provided in the statute. The ruling of the court was entirely proper. When a statute contains provisions and exceptions in distinct clauses, it is not necessary to state in the accusation that the defendant does not come within the exception, or to negative the proviso it contains. 1 Bishop, Crim. Pro., p. 381.

## Bill No. 3.

[15] As to the action of the court in permitting the affidavit to be amended during the trial by inserting the name "F. C. Coco" in place of "F. C. Carbo": The amendment was allowable under section 1047, Wolf's Revised Laws of 1904. The judge in his per curiam states that defendant made no objection at the time he was called for trial. The error in the name of the accused can be corrected at any time during the trial in a criminal case by amendment stating his true name. The accused in this instance suffered no injury.

## Bill No. 4.

[16, 17] This bill was reserved to the overruling of a motion for a new trial. The only matter set up in the motion not already considered is that the court committed an error in finding the defendant guilty on the unsupported testimony of the officer who made the arrest, whereas the defendant and his clerk had sworn that defendant had no intoxicating liquor in his possession. The matter was entirely within the province of the trial judge. This court is without jurisdiction to try a criminal case on the merits. The agreed statement of facts showed that whisky was found in the defendant's place of business. Evidence going to show that a number of jugs "which had the odor of whisky" were found in defendant's store was admissible in corroboration of the officer's testimony.

## Bill No. 5.

This bill is to the overruling of a motion in arrest of judgment. The matters set up in

the motion have already been disposed of in considering the motion to quash.

### Bill No. 6.

[18, 19] This bill is to the refusal of the court to grant defendant an appeal to the district court. The Supreme Court has appellate jurisdiction on questions of law in all criminal cases where a fine exceeding $300 has been actually imposed. Const. 1921, § 10, art. 7. The appeal was properly brought to this court. Whether defendant was entitled to an appeal to the district court under section 36 of article 7, Constitution of 1921, cannot be considered on this appeal.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

LAND, J., concurs in decree.

ST. PAUL, J., dissents. This court is without jurisdiction.

Rehearing refused by the WHOLE COURT.