PROVOSTY, C. J. This case is similar in all of its aspects to that of State v. Baker (No. 25222) ante, p. 257, 92 South. 889, this day decided.

Judgment affirmed.

---

(92 South. 889)

No. 25274.

### STATE v. ANDING et al.

(May 29, 1922. Rehearing Denied by Division C. June 28, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors 111—Statute relating to keeping of blind tiger not repealed by subsequent statute.**

Under the express provisions of Act No. 39 of 1921 (Ex. Sess.) § 10, that act does not repeal Act No. 8 of 1915 (Ex. Sess.), prohibiting the keeping of a blind tiger.

2. **Statutes 283(1)—Burden on one claiming act not within Governor's call for extra session to prove fact.**

Acts of extra sessions of the Legislature, like acts of regular sessions, are presumed to have been enacted regularly, and in conformity with the requirements of the Constitution, and one claiming that such an act was not within the Governor's call for the extra session has the burden of proving that fact.

3. **Criminal law 394—Intoxicating liquors 249—Search under warrant obtained under different statute than that under which defendant prosecuted valid, and evidence admissible.**

A search and seizure was valid, and evidence thereby obtained was admissible on defendant's trial for keeping a blind tiger in violation of Act No. 8 of 1915 (Ex. Sess.), though the search warrant was obtained under Act No. 39 of 1921 (Ex. Sess.).

4. **Intoxicating liquors 222—Accusation held to sufficiently negative possession for personal consumption, etc.**

An accusation charging that defendant manufactured whisky for sale and for beverage purposes sufficiently charged that the whisky was not possessed by himself for his own consumption and that of his family and bona fide guests, within Act No. 39, of 1921 (Ex. Sess.) § 4.

5. **Statutes 51, 179 — Reference to federal legislation for definition held inapplicable to intoxicating liquors specifically enumerated as whisky; act held not to adopt system of laws by reference.**

The reference to federal legislation for a definition of intoxicating liquors contained in Act No. 39 of 1921 (Ex. Sess.), § 8, does not apply to intoxicating liquors specifically enumerated, such as whisky, and the act so far as it applies to such liquors does not violate Const. art. 3, § 18, forbidding the adoption of any system of laws by reference.

6. **Constitutional law 240(3)—Exception of possession of liquors for home consumption does not deny equal protection.**

Act No. 39 of 1921 (Ex. Sess.) does not discriminate against any one or violate the equal protection clauses of the Constitution because of the provision that it shall not apply to the possession of intoxicating liquors in one's residence for his own consumption and that of his family and bona fide guests.

7. **Indictment and information 4—Prosecution on affidavit authorized in municipal courts.**

Under the express provisions of Act No. 96 of 1921 (Ex. Sess.), § 2, an indictment or bill of information is unnecessary, and prosecutions on affidavits are authorized in the municipal courts.

8. **Criminal law 202(3) — Conviction for keeping blind tiger does not bar prosecution for manufacture of liquor.**

The offense of keeping a blind tiger in violation of Act No. 8 of 1915 (Ex. Sess.), and the offense of manufacturing intoxicating liquors for sale and beverage purposes in violation of Act No. 39 of 1921 (Ex. Sess.), are not identical, and a conviction for keeping a blind tiger does not bar a prosecution for manufacturing.

9. **Criminal law 1134(3)—Contention that conviction contrary to law and evidence presents no question of law.**

The complaint that the conviction was contrary to the law and the evidence presents no question of law for review.

Appeal from City Court of Crowley; Denis T. Canan, Jr., Judge.

Lee Anding and others were convicted of an offense, and they appeal. Affirmed.

Philip S. Pugh, of Crowley, for appellants.

A. V. Coco, Atty. Gen., and Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. There are three defendants in this case, Lee Anding, Eddie Monroe, and Jimmie Brooks. They were prosecuted under an affidavit charging that they had kept a blind tiger, in violation of Act 8 of the Extra Session of 1915, and were convicted and sentenced to fine and imprisonment. On the same day, and immediately after having been convicted of the offense of keeping a blind tiger, they were prosecuted under an affidavit charging that they had manufactured "intoxicating liquors, commonly known as moonshine whisky," for sale and for beverage purposes, in violation of Act 39 of 1921 (Ex. Sess.) They were again convicted and again sentenced to fine and imprisonment. They appeal from the verdict and sentence in each case, and have brought up both records in one transcript of appeal.

[1, 2] Appellants moved to quash the affidavit charging the offense of keeping a blind tiger, averring, first, that Act 8 of 1915 was repealed by Act 39 of 1921, and, second, that the call of the Governor for the extra session of 1915 did not include as one of its purposes the enactment of the legislation embodied in Act 8 of that session, and that the statute was therefore unconstitutional. The motion was overruled, and defendants' counsel reserved a bill of exceptions. The motion was unfounded. In the tenth section of Act 39 of 1921 it is declared:

"This act shall in no way repeal any part of Act No. 8 of the special session of the General Assembly of 1915, approved July 9, 1915, commonly called the 'Blind Tiger Act.'"

Defendants' attorney did not offer to prove that the Governor's call for the extra session of 1915 did not include, as one of its purposes, the enactment of the legislation embodied in Act 8 of that session. The attorney contends that it was incumbent upon the state to prove that the intention to enact the legislation was included in the Governor's call for the extra session. We do not think so. Acts of extra sessions of the Legislature, as well as acts of regular sessions, are presumed to have been enacted regularly and in conformity with the requirements of the Constitution.

[3] Bills of exception 2, 3, and 4 are alike. They were taken to the overruling of defendants' objection to proof that they were caught operating a still and possessing several barrels of such raw material as sour mash and a jar of moonshine whisky, and several strong-smelling, empty containers. They contended that the proof had been obtained illegally, as far as operating a blind tiger was concerned, because the officers who made the raid had not obtained a search warrant under Act 8 of 1915. It is admitted that the officers did have a search warrant, but it is contended that the warrant was obtained in virtue of the Act 39 of 1921. It matters not under what statute the warrant was obtained. It is sufficient that the officers had the warrant, and that the search and seizure were therefore valid.

[4] Defendants also filed a motion to quash the affidavit charging a violation of Act 39 of 1921. They complained, first, that the affidavit did not contain an allegation to the effect that the moonshine whisky was not in their residence, and had not been acquired legally, and for their own consumption and that of their family and their bona fide guests. Section 4 of the act declares that the statute shall not be construed as forbidding the possession of intoxicating liquors in one's residence, for the purposes mentioned. But the accusation in this case was that the whisky was manufactured for sale and for

beverage purposes, which is the same as to say that it was not possessed under the conditions or for the purposes mentioned in section 4 of the statute.

[5] The second contention in the motion to quash was that the statute of 1921 was unconstitutional. It is contended that that part of section 8 which refers to federal legislation for the definition of intoxicating liquors is violative of. section 18 of article 3 of the Constitution, forbidding the adoption of any system of code laws by reference to the system or code and without reciting at length the provisions of each law that is enacted. In the case of State v. Coco (No. 25226) ante, p. 241, 92 South. 883, we decided that that part of section 8 of the statute which refers to federal legislation for a definition of intoxicating liquor is not applicable to those intoxicating liquors that are specifically enumerated in section 8, such as alcohol, whisky, brandy, rum, gin, etc. The moonshine whisky, in this case, was alleged to be an intoxicating liquor; and the proof was that it was intoxicating. The statute does not purport to define whisky, but merely declares that it shall be included in the term "intoxicating liquor."

[6] It is also contended, in the motion to quash, that the statute violates the equal protection clauses of the Constitution, because it does not prohibit a person's having intoxicating liquor in his private dwelling for home consumption or the entertainment of his guests. It is said that the statute therefore discriminates arbitrarily in favor of such possessors of intoxicating liquor and against those who prefer to manufacture or sell such liquor. The statute does not discriminate against any one in that respect. It forbids any and every one to manufacture or sell intoxicating liquor for beverage purposes, but does not forbid any one's having

such liquor in his residence for home consumption or for the entertainment of his guests, provided the liquor was acquired legally.

[7] In both prosecutions defendants objected to going to trial, contending that there was no statute authorizing a prosecution on affidavit, or without an indictment or bill of information. The eighth paragraph of section 2 of Act 96 of 1921, p. 203, expressly obviates the necessity for an indictment or a bill of information, and authorizes prosecutions on affidavits in the municipal courts.

[8] Defendants objected to going to trial, or to the introduction of any evidence against them, on the accusation of violating Act 39 of 1921, because they had already been convicted of a violation of Act 8 of 1915. The substance of the complaint was that the two affidavits charged only one unlawful act. The complaint was not well founded. The manufacturing of the whisky for sale for beverage purposes was a violation of one statute, and the operating of a blind tiger, or place where the whisky was kept for sale, barter, or exchange, was a violation of the other statute.

[9] Defendants moved for a new trial in each prosecution, and reserved bills of exception to the overruling of the motions. The motions were merely a reiteration of the complaints which had already been made, and which we have disposed of. There was also the usual complaint that the conviction was contrary to the law and the evidence, which, of course, does not present a question of law for review.

The convictions and sentences are affirmed.

Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.