(92 South. 889)

No. 25222.

## STATE v. BAKER.

(June 5, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Intoxicating liquors ⬤⟿17—Statute prohibiting possession held valid.**

Act No. 39 of 1921 (Ex. Sess.), prohibiting the possession of intoxicating liquors for beverage purposes, is constitutional so far as it applies to the possession of whisky.

**2. Criminal law ⬤⟿1134(3)—Guilt is question of fact, and not reviewable by Supreme Court.**

The jurisdiction of the Supreme Court in criminal cases is limited to questions of law, and defendant's guilt vel non is a question of fact, and not reviewable.

Appeal from Third District Court, Parish of Claiborne; J. E. Reynolds, Judge.

───────────

[1] Ante p. 241.

152 LA.—9

W. H. Baker was convicted of having possession of intoxicating liquors for beverage purposes, and he appeals. Affirmed.

Drew & Drew, of Minden, for appellant.
A. V. Coco, Atty. Gen., and W. D. Goff, Dist. Atty., of Arcadia (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

PROVOSTY, C. J. The accused was charged with having had in his possession intoxicating liquors for beverage purposes in violation of Act No. 39 of 1921 (Ex. Sess.).

[1] He moved to quash on the ground that the said act was unconstitutional. The motion was overruled. The intoxicating liquor in question was shown on the trial to have been whisky. The motion was properly overruled. See State v. Coco, this day decided, ante, p. 241, 92 South. 883.

[2] Another ground urged by accused is that the evidence fails to show his guilt. But the jurisdiction of this court is limited to questions of law, and the guilt vel non of accused is a question of fact.

Judgment affirmed.