(92 South. 892)

No. 25318.

## STATE v. CLEARY.

(June 23, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Indictment and information ☞110(31), 121 (2)—Not necessary for indictment to specify kind of intoxicating liquor.**

It is not necessary for an indictment under Act No. 39 of 1921 (Ex. Sess.) to specify the kind of intoxicating liquor alleged to have been manufactured, sold, disposed of, etc.; it being sufficient to follow the language of the statute unless defendant asks for a bill of particulars.

**2. Statutes ☞51—Reference to federal legislation for definition of intoxicating liquor held not to invalidate statute as to particular liquors.**

So far as Act No. 39 of 1921 (Ex. Sess.), § 8, includes alcohol, whisky, and other named liquors in its definition of intoxicating liquor, it does not violate Const. art. 3, § 18, because of the reference therein to federal legislation for a definition of other liquors embraced.

**3. Criminal law ☞1144(½) — Not assumed that intoxicating liquor sold was not one of those as to which statute is constitutional.**

On appeal from a conviction under an indictment charging a sale of intoxicating liquor, but not specifying the kind of liquor, the court has no right to assume that the liquor was not one of those specifically named in Act No. 39 of 1921 (Ex. Sess.), § 8, as to which the statute is constitutional.

Appeal from Twelfth Judicial District Court, of Parish of Vernon; John H. Boone, Judge.

R. C. Cleary was convicted of selling intoxicating liquors for beverage purposes, and he appeals. Affirmed.

C. E. Hardin, of Leesville, for appellant.

A. V. Coco, Atty. Gen., and John B. Hill, Dist. Atty., of Many (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. Defendant was indicted for selling intoxicating liquors for beverage purposes, in violation of Act 39 of 1921 (Ex. Sess.) p. 42. The indictment, without specifying the kind of intoxicating liquor, charged merely, that the defendant "did unlawfully sell intoxicating liquors for beverage purposes, contrary to the form of the statute," etc.

Defendant filed a motion to quash the indictment, pleading that Act 39 of 1921 was unconstitutional, and particularly that section 8 of the statute was violative of section 18 of article 3 of the Constitution, in so far as the statute referred to "federal legislation" for a definition of intoxicating liquors. The motion to quash was overruled, and a bill of exceptions was reserved to the ruling. After conviction and before sentence the plea of unconstitutionality of the statute was repeated in a motion for a new trial, which motion was also overruled, and a bill of exceptions was again reserved to the ruling.

Section 18 of article 3 of the Constitution provides:

"The Legislature shall never adopt any system or code of laws by general reference to such system or code of laws; but in all cases shall recite at length the several provisions of the laws it may enact."

Section 8 of Act 39 of 1921 (Ex. Sess.) provides:

"That the word 'liquor' or the phrase 'intoxicating liquor' wherever used in this act shall be construed to include alcohol, whisky, brandy, rum, gin, beer, ale, porter, wine, and any spirituous, vinous, malt or fermented liquor or liquids by whatever name called, as defined by federal legislation, and all alcoholic liquids, either medicated, proprietary or patented, which are fit for use as a beverage or for intoxicating beverage purposes, all as defined by federal legislation."

In State v. Coco (No. 25226) ante, p. 241, 92 South. 883, and again in State v. Anding (No. 25274) ante, p. 259, 92 South. 889, we held that the statute was valid in so far as it forbade the manufacture, sale, etc.,

for beverage purposes, of any of the intoxicating liquors specified in section 8; that is, alcohol, whisky, brandy, rum, gin, etc. In other words, we held that the expression, "as defined by federal legislation," did not qualify or refer to those intoxicating liquors that were specified or described by name, alcohol, whisky, etc. We refrained from deciding whether the statute could validly define other intoxicating liquors by a general reference to "federal legislation." In Anding's Case the defendants were prosecuted for manufacturing one of the kinds of intoxicating liquor that is specified and described by name, i. e., whisky.

[1-3] In Coco's Case it was said, and we adhere to the opinion, that it was not necessary for the indictment to specify the kind of intoxicating liquor alleged to have been manufactured, sold, disposed of, transported, delivered, or possessed, or exported from or imported into this state, for beverage purposes. It was said to be sufficient to follow the language of the statute, unless, perhaps, the defendant should, by asking for a bill of particulars, insist upon being informed of the kind or name of the intoxicating liquors referred to in the indictment. It is therefore settled that, in so far as the statute forbids the manufacture or sale, etc., of the intoxicating liquors known as alcohol, whisky, brandy, rum, gin, beer, ale, porter, or wine, it does not violate section 18 of article 3 of the Constitution. If the defendant in this case were accused of having sold some other kind of liquor, declared intoxicating by federal legislation, we would now be called upon to decide the constitutionality of that part of section 8 of the statute that refers to federal legislation for determining whether any particular kind of liquor (other than alcohol, whisky, brandy, rum, gin, etc.) has been defined and outlawed as an intoxicating liquor. But the accusation was, and the district judge must have found from the evidence, that defendant sold intoxicating liquor for beverage purposes; and we have no reason nor right to assume that the intoxicating liquor was not alcohol, whisky, brandy, rum, gin, beer, ale, porter, or wine.

The conviction and sentence appealed from are affirmed.