(94 South. 702)

NO. 25381.

STATE v. HUGHES.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. Statutes ⬀51—Statute valid so far as it relates to well-known intoxicating liquors notwithstanding reference to federal legislation.

Act No. 39 of 1921, in so far as it prohibits the sale, etc., for beverage purposes of whisky and other well-known intoxicating liquors therein specifically named, does not violate Const. 1921, art. 3, § 18, prohibiting the adoption of any system or code of laws by general reference, because of the reference therein to

152 LA.—30

federal legislation for a definition of intoxicating liquors.

2. Constitutional law ⬀42—One selling whisky or alcohol cannot question constitutionality of reference to federal legislation for definition of intoxicating liquors.

Where defendant was charged with selling whisky or alcohol, he had no interest in raising the question as to the constitutionality of the reference in Act No. 39 of 1921 to federal legislation to determine what liquors other than those specifically named shall be deemed intoxicating.

3. Statutes ⬀64(9)—Unconstitutionality of reference to federal legislation in prohibition statute does not invalidate entire act.

If the reference to federal legislation by Act No. 39 of 1921, to determine what liquors other than those specifically named therein shall be deemed intoxicating, is unconstitutional, its unconstitutionality does not invalidate the entire act.

4. Criminal law ⬀1134(4)—Denial of new trial on ground that judgment is contrary to law and evidence not reviewable.

The refusal of a new trial, so far as it was sought on the ground that the judgment convicting accused was contrary to the law and the evidence, is not within the power of the Supreme Court to review.

Appeal from Fifth Judicial District Court, Parish of Winn; J. B. Crow, Judge.

Francis Hughes was convicted of selling intoxicating liquor for beverage purposes, and he appeals. Affirmed.

Oglesby & Pearce, of Winnfield, for appellant.

A. V. Coco, Atty. Gen., E. A. O'Sullivan, Sp. Asst. Atty. Gen., and Earl E. Kidd, Dist. Atty., of Winnfield (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

OVERTON, J. The defendant was charged and convicted of selling intoxicating liquor for beverage purposes. After an unsuccessful effort to obtain a new trial, he was sentenced to suffer imprisonment in the parish jail for 60 days, to pay a fine of $500, and, in

default of paying the fine and costs, to 5 months' additional imprisonment. He has appealed from this sentence, and brings here for review the rulings of the court in refusing to maintain a motion to quash the bill of information, and in refusing to grant him a new trial.

[1] The motion to quash is based on the ground that Act 39 of the Legislature of 1921, under which the charge was preferred, is unconstitutional, null, and void, for the reason that it attempts to define intoxicating liquors and beverages by reference to federal legislation, and therefore violates section 18 of article 3 of the Constitution of 1921, which prohibits the adoption by the Legislature of "any system or code of laws by general reference to such system or code," and requires the Legislature, instead, to "recite at length the several provisions of the laws it may enact."

It was held in the cases of State v. Coco, 152 La. 241, 92 South. 883, State v. Baker, 152 La. 257, 92 South. 889, State v. Anding, 152 La. 259, 92 South. 889, and State v. Cleary, 152 La. 265, 92 South. 892, that Act 39 of 1921 was valid, in so far as it prohibited the sale, etc., for beverage purposes, of whisky and other well-known intoxicating liquors, therein specifically named, and that the reference found in that act to federal legislation for a definition of the words "intoxicating liquors" did not refer to those thus specifically named. These decisions settle the question in so far as respects the intoxicating liquors specifically mentioned as such.

[2, 3] While the bill of information does not state the kind of liquor that defendant sold for beverage purposes, though it does show that it was intoxicating, still the judge advises us that the liquor sold was whisky or alcohol. Both of them are not only generally recognized as intoxicants, but are expressly named in the act as such. This brings the case directly within the ruling of State v. Baker, cited supra, where it was shown on the trial that the intoxicating liquor sold was whisky, and where it was in effect held that, such being the case, defendant was without right to raise the question of the constitutionality of the reference to federal legislation to determine what other liquors should be deemed intoxicating.

The defendant, in this case, has no interest in raising the same question here; for, granting that the reference thus made to federal legislation is unconstitutional, still, as it appears that the liquor that defendant sold does not come within the reference complained of, defendant can have no earthly interest in raising the question, unless it should be that the unconstitutionality of that reference, if it be unconstitutional, would invalidate the entire act. However, such would not be the case, as was decided in State v. Coco, cited above.

[4] The second bill of exception merely brings before us the ruling of the court below refusing a new trial asked for on the ground that the court erred in overruling the motion to quash, and on the ground that the judgment of the court, convicting the accused, is contrary to the law and the evidence. We have disposed of the first ground, in maintaining the lower court in its refusal to quash the bill of information; and, in so far as respects the second, it presents nothing that we have power to review.

The judgment appealed from is therefore affirmed, at defendant's costs.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.