(94 South. 703)

No. 25362.

## STATE v. ROY.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ☞1020—Supreme Court without jurisdiction unless sentence within jurisdiction actually imposed.**

Under Const. 1921, art. 7, § 10, where the legality or constitutionality of no fine or penalty is involved and no ordinance or law has been declared unconstitutional and the offense charged is not punishable with death or imprisonment at hard labor, the Supreme Court has no appellate jurisdiction in criminal cases unless a fine exceeding $300 or imprisonment exceeding six months has been actually imposed.

**2. Criminal law ☞1020—Costs or imprisonment imposed for nonpayment of fine not considered in determining jurisdiction.**

In determining whether a fine exceeding $300 or imprisonment exceeding six months has been actually imposed so as to give the Supreme Court jurisdiction under Const. 1921, art. 7, § 10, the costs constitute no part of the fine, and imprisonment imposed in default of payment of a fine is not a part of the sentence actually imposed.

**3. Criminal law ☞1131(2)—Supreme Court must notice absence of jurisdiction and dismiss appeal without plea.**

Where, in a criminal case, a fine exceeding $300 or imprisonment exceeding six months has not been actually imposed, the Supreme Court must notice, even without plea, the absence of jurisdiction and dismiss the appeal on its own motion.

**4. Intoxicating liquors ☞222—That liquor possessed or manufactured in home for personal use need not be negatived.**

Act No. 39 of 1921, § 4, providing that nothing therein shall forbid the possession of intoxicating liquors in one's private dwelling or the brewing of beer and fermenting of wine in the home for personal use, has no bearing on the offense of manufacturing moonshine whisky for beverage purposes and for sale, and, even where it does bear relation to the offense charged, the exceptions need not be negatived, as they are separable from the description of the offense and not ingredients thereof.

**5. Constitutional law ☞42—One charged with manufacturing whisky cannot raise question of validity of reference to federal legislation for definition of intoxicating liquors.**

One charged with manufacturing whisky, a liquor specifically named in Act No. 39 of 1921, § 8, as intoxicating, has no interest in raising the question whether the definition therein of "liquor" and "intoxicating liquor" by reference to federal legislation violates Const. 1921, art. 3, § 18.

**6. Intoxicating liquors ☞132—Reference to federal legislation for definition does not apply to "liquors" specifically named in statute "intoxicating liquor."**

Under Act No. 39 of 1921, § 8, providing that "liquor" or "intoxicating liquor," as used in that act, shall be construed to include alcohol, whisky, etc., and any spirituous, vinous, malt, or fermented liquors or liquids by whatever name called as defined by federal legislation, and all alcoholic liquids fit for use as a beverage or for intoxicating beverage purposes as defined by federal legislation, the reference to federal legislation is not in respect to the liquors specifically named but only in respect to other liquors and liquids therein referred to.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intoxicating Liquor; Liquor.]

**7. Statutes ☞64(9)—Reference to federal legislation for definition of "intoxicating liquor" held not to affect rest of act.**

The provisions of Act No. 39 of 1921, § 8, including liquors specifically named in the word "liquor" or the phrase "intoxicating liquor" as used therein, are separable from the provisions of that section referring to federal legislation to determine whether other liquors and liquids are intoxicating, and, though such reference be unconstitutional, it does not affect the provision as to the liquors named or the rest of the act.

**8. Constitutional law ☞89(1)—Prohibition act held not to violate Constitution as to freedom of contract.**

Act No. 39 of 1921, prohibiting the manufacture, sale, etc., of intoxicating liquors for beverage purposes or for nonbeverage purposes except when authorized by federal permit, does not violate the state or federal Constitution with respect to freedom of contract, as there is no right to manufacture and sell intoxicating liquors which cannot be taken away by amendment to the federal Constitution.

**9. Constitutional law ⊙══320—Intoxicating liquors ⊙══20—Statute providing for seizure and subsequent destruction of liquor and manufacturing appliances does not deny due process.**

Act No. 39 of 1921, § 5, providing for the seizure and disposition of liquor illegally held and of the apparatus and other property used in its manufacture and sale and for its destruction after trial of accused, does not deprive citizens of their property without due process of law, but is an exercise of the Legislature's legitimate police power; accused being given an opportunity to be heard before the property is ordered destroyed.

**10. Intoxicating liquors ⊙══137, 139—Statute does not authorize possession or manufacture of liquor in home, but merely excepts it from penal provisions.**

Act No. 39 of 1921, § 4, providing that nothing therein shall be construed to forbid the possession of intoxicating liquor in one's dwelling if legally acquired and only for personal consumption or to prevent a householder from brewing beer and fermenting wine for use in his home, does not authorize any one to possess liquor, but merely excepts from its penal provisions the possession or manufacture of liquor under the conditions specified.

**11. Statutes ⊙══64(9)—Exception of manufacture or possession of liquor in home, if unconstitutional, held not to affect the rest of the act.**

Act No. 39 of 1921, § 4, providing that nothing therein shall be construed to forbid the possession of liquors in one's private dwelling for personal consumption or the brewing of beer and fermenting of wine by a householder for use in his home, if unconstitutional, does not affect that part of the act making it an offense to manufacture whisky for beverage purposes or for sale for nonbeverage purposes without the proper permit.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Rodolph Roy was convicted under three indictments of operating a blind tiger and manufacturing intoxicating liquor for sale and for beverage purposes, and he appeals. Appeal in the blind tiger case dismissed, and judgments in the other cases affirmed.

C. B. Debellevue, of Crowley, for appellant.

A. V. Coco, Atty. Gen., and Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

OVERTON, J. Four bills of indictment were preferred against defendant, charging him with violating various provisions of the prohibition laws of this state. The four cases, for the purposes of the trial, were consolidated in the court below, and tried as one case. The trial resulted in the acquittal of the defendant in one of the cases, and in his conviction in the remaining three. He was sentenced separately in each of the three in which he was convicted, and has appealed from those sentences, and from the judgments of conviction, to this court. The three appeals have been filed here in one transcript.

In one of the cases defendant was convicted of operating a blind tiger. In that case he was sentenced to pay a fine of $200 and costs, and to be incarcerated in the parish jail for 30 days, and, in default of the payment of the fine and costs, to six months' additional imprisonment. Hence, in that case, neither the fine nor the imprisonment actually imposed is sufficient to give this court appellate jurisdiction; nor has it such jurisdiction because of the punishment that might have been imposed.

[1] Whenever the offense charged is not punishable with death or imprisonment at hard labor, this court has no appellate jurisdiction, unless a fine exceeding $300, or imprisonment exceeding six months, has been actually imposed. Of course, this assumes, as is the case here, that the legality or constitutionality of no fine or penalty imposed by a parish or a municipal corporation is in contest, and that no ordinance thereof, or law of the state, has been de-

clared unconstitutional. Section 10, art. 7, Constitution of 1921.

[2] Our appellate jurisdiction, in criminal cases, in so far as relates to the penalty actually imposed, with which alone we are here concerned, was the same, under the Constitutions of 1898 and 1913, as that fixed by the Constitution of 1921. Article 85 of both.

Under the Constitution of 1898, it was held, in a case where the offense was not punishable with death or hard labor, and where the defendant was sentenced to pay a fine of $300 and costs, and to confinement in the parish jail for six months, and in default of paying the fine and costs to be imprisoned for six months additional, that this court had no appellate jurisdiction. State v. Hamilton, 128 La. 91, 54 South. 482.

Under the Constitution of 1913, in a case in which the right of appeal depended on the punishment actually imposed, as in the Hamilton Case, and where the same sentence was imposed as in that case, except that, instead of the additional imprisonment being six months, in default of paying the $300 fine and costs, it was twelve months, this court held it had no appellate jurisdiction. State v. Mitchell, 137 La. 1098, 69 South. 851.

The reasoning of 'the above cases is that the costs constitute no' part of the fine, but follow it as a matter of course, and therefore cannot be added to it to give jurisdiction; and that the imprisonment imposed, in default of paying the fine, is not actually imposed, in the sense of the Constitution, since it is optional with the prisoner to pay the fine and escape that part of the imprisonment, as that part is intended merely to secure payment, and hence cannot, of itself, nor by being added to that actually imposed, which the prisoner cannot escape, vest this court with appellate jurisdiction.

[3] The above cases are pertinent under the present Constitution, and, when they are applied to the case at bar, it is clear that we have no jurisdiction. Hence we must notice, even without plea, the absence of jurisdiction in the blind tiger case, and dismiss the appeal therein, of our own motion.

The sentence actually imposed in each of the two remaining cases is sufficient to vest this court with jurisdiction. In the first of them, defendant is charged with the "manufacture for sale, and for beverage purposes, and without being the holder of a legal permit therefor from proper federal authorities, intoxicating liquor, to wit, whisky or what is commonly called 'moonshine' whisky."

Defendant moved to quash the bill of indictment on the ground that it is defective, in that it fails to negative the exceptions contained in section 4 of Act 39 of 1921; this being the act under which the charge is laid. Section 4 reads:

"That nothing in this act shall be construed to forbid the possession of intoxicating liquors in one's private dwelling or abode while the same is occupied by him as such a dwelling, provided such intoxicating liquors were legally acquired and are only for personal consumption by the owner thereof and his family residing in such dwelling and his bona fide guest when entertained by him therein.

"Nothing in this act shall be construed to prevent a citizen who is a householder from brewing beer and fermenting wine for the use of himself and his family in his home and his bona fide guest entertained in such home."

[4] It is manifest that the exceptions mentioned do not relate to, nor bear upon, the offense with which defendant is charged. Moreover, even where the exceptions bear some relation to the offense charged, it is not necessary to negative them, when they are separable from the description of the offense and are not ingredients thereof. State v. Coco, 152 La. 241, 92 South. 883; 22 Cyc. p. 344.

[5-7] The next ground on which defendant moved to quash the bill is that section 8 of the

act in question defines the words "liquor" and "intoxicating liquor" by reference to federal legislation, in violation of section 18 of article 3 of the Constitution of 1921. This section of the article of the Constitution prohibits the Legislature from adopting any system or code of laws by general reference to the same, and requires it to "recite at length the several provisions of the laws it may enact." Defendant has no interest in raising the constitutional question here urged, since he is charged with the manufacture of whisky, and whisky is one of the liquors specifically named in the act as intoxicating. Assuming, for the sake of argument, that the reference to federal legislation is unconstitutional, still, as shown in the case of State v. Coco, 152 La. 241, 92 South. 883, the reference to that legislation is not in respect to the nine liquors specifically mentioned in section 8 of the act, as intoxicating, to wit, alcohol, whisky, brandy, rum, gin, beer, ale, porter, and wine, but is in respect to other liquors and liquids therein referred to, and as the provisions of this section, declaring the nine liquors mentioned to be intoxicating, are separable from the provisions of the section referring to federal legislation, enacted to determine whether the other liquors and liquids mentioned are intoxicating, the reference to federal legislation may fall, as unconstitutional, without in any manner affecting the rest of the act. See, also, State v. Anding, 152 La. 259, 92 South. 889; State v. Cleary, 152 La. 265, 92 South. 892; State v. Baker, 152 La. 257, 92 South. 889; State v. Hughes (No. 25381; La.) 94 South. 702,[1] this day decided.

The last ground of the motion to quash is based on the allegation that Act No. 39 is unconstitutional, null, and void, in that it is an unreasonable restraint on the freedom of contract, and deprives citizens of their prop-

erty without due process of law, and in that it permits certain citizens to legally hold intoxicating liquors, wines, and beers, while condemning others therefor, in violation of both the state and federal Constitutions.

[8-11] Defendant has not favored us with a brief in support of his contentions. We may say, however, with a full conviction of the correctness of our position, that there is nothing in Act 39 of 1921, the act in question, that is violative of the state or federal Constitutions, in so far as affects the freedom of contract. Defendant evidently considers that he and all others have a right to sell intoxicating liquors for beverage purposes, and, as an incident thereto, to manufacture them for such purposes, which right cannot be taken away from him and them, even by amendment to the federal Constitution. Such is manifestly not the case, and this objection to the act is wholly without merit. Nor is there any greater merit in the contention that the act deprives citizens of their property without due process of law. Defendant doubtless has reference to that provision of the act providing for the seizure and disposition of liquor illegally held and of the apparatus and other property used in the manufacture and sale of the same. The act provides that the court, after trial of the accused, shall order such property, illegally held, at the time of the seizure, to be publicly destroyed. Section 5 of Act 39 of 1921. The Legislature is here merely exercising its legitimate police power; and the accused is given an opportunity to be heard before his property, thus seized, is found to be illegally held and is ordered to be publicly destroyed. Craig v. Werthmueller, 78 Iowa, 598, 43 N. W. 606. Nor is the contention that the act is unconstitutional, because it permits certain citizens to possess intoxicating liquors, and to brew beer and ferment wine, while condemning others

---

[1] Ante, p. 929.

therefor, of any avail to defendant. Defendant evidently has reference to the provisions of section 4, quoted above, in full. As a matter of fact, that section does not authorize any one to possess, nor does it prohibit any one from possessing, such liquors, under the conditions stated in it; and the same is true as to the brewing of beer, and the fermenting of wine, under the conditions also stated in it. The act merely does not extend its penal provisions, under certain well-defined conditions, appearing in section 4, to the possession of intoxicating liquors for beverage purposes, nor, also under conditions well defined, to the brewing of beer and fermenting of wine for such purposes. State v. Coco, cited supra. All of that section, for the sake of argument, might be considered to be unconstitutional, without affecting, in the least, that part of the act making it an offense to manufacture whisky for beverage purposes, or for sale for nonbeverage purposes without the proper permit, and it is with that part of the act alone that defendant is concerned. Hence the motion to quash was properly overruled.

In the remaining one of the three cases, consolidated herein, the charge is identical with the one in the case we have just considered, except that defendant is charged with the manufacture of whisky, for the purposes mentioned, on a different day and year. He filed a similar motion to quash. What we have said, in passing on the motion in the preceding case, is applicable here.

For the reasons assigned, it is ordered, adjudged, and decreed that the appeal from the sentence and judgment in said blind tiger case be dismissed, and that the judgments in the remaining two be affirmed, at the cost of defendant.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.