OYERTON, J.
 

 Defendant was prosecuted by affidavit before the city court of Shrev.e
 
 *99
 
 port for having unlawfully in his possession intoxicating liquor,, to wit,, whisky, for beverage purposes. The charge was preferred under Act 39 of the Legislature of this state for the year 1921. •-
 

 ' -Defendant demurred to the charge on the ground that Act 39 of 1921, under which the charge was made, is unconstitutional, in that it attempts to define a commodity, to wit, intoxicating liquor, and also to define an offense, by reference to federal legislation, in violation of section 18, art. 3 of the Constitution of 1921, which section prohibits the Legislature from adopting any system or .eqde of laws by general reference thereto, but requires it to recite at length the several provisions of the laws it may enact.
 

 As we have observed, whisky was the particular liquor which defendant was charged with having had unlawfully in his possession'. This court has repeatedly held that the act in question is not amenable to the objection urged by defendant in his demurrer, at least, in so far as it denounces as crimes the unlawful manufacture, salé, and possession, etc., of the nine liquors (of which whisky is one), specifically designated as intoxicating in section 8 of the act. Among the decisions so holding may be cited the following: State v. Coco, 152 La. 241, 92 So. 883; State v. Cleary, 152 La. 265, 92 So. 892; State v. Anding, 152 La. 259, 92 So. 889; State v. Baker, 152 La. 257, 92 So. 889; State v. Brackins, 152 La. 445, 93 So. 582. We adhere to the ruling made in those cases on the question here submitted, and accordingly uphold the trial court in overruling the demurrer.
 

 The next bill of exceptions, necessary to consider, is one to the ruling of the court forcing defendant to trial. It appears that defendant duly caused a subpoena to issue for one Cole Watson, giving his address as 231 Peabody street, Shreveport, • La. When defendant’s witnesses were called,- Watson - failed to answer. Defendant then asked to see the return on the subpoma. The subpoena was produced with no return whatever on it. Defendant then refused to go to trL al until a proper return should be made or his witness produced. The court then, over the objection of defendant, had the officer to whom was given the subpoena for service sworn, and the officer, upon his examination, stated that he had not served the subpoena, because he could not locate the street number mentioned in it. The court then ordered defendant to trial, assigning as reason therefor that:
 

 “The ofiicer who served, the summons swore that he could not locate the street number mentioned in same. As no other information could be furnished, it was useless to wait longer.”
 

 To this ruling defendant duly excepted.
 

 The return on the subpoena was made in an irregular manner. It should have been made on the subpoena, itself, and should have been signed officially by the officer to whom it was delivered for service. However, brushing this aside, and accepting the' re: turn as made, for the purposes of this case, still the return is not a proper one, in that it does not comply with the law, because it fails to show that the ofiicer made the serious effort, expected of him, to serve the subpoena. All that the return shows is that the officer found no such street number as the one given by defendant. It does not appear that he made diligent inquiry as to the whereabouts of the witness, of those residing in the locality in which, if such a street number had existed, it might have been expected to have been found. In fact, it does not appear that the officer made any inquiry whatever as to the whereabouts of the witness ; nor does the return even show that he timely conveyed to defendant the fact- that he could find no such number as 231 Pear body street, though, as defendant resided in the city of Shreveport, in which city the
 
 *101
 
 officer was on''duty, he'easily could have done this, and thereby have given defendant an opportunity to have ascertained the correct address of the witness. . The return should have shown facts sufficient to have enabled the court to have said that the officer had made an earnest attempt to serve the subpoma before the court would have been justified in ordering defendant to trial in the absence of his witness. A similar ruling was made in State v. Boitreaux, 31 La. Ann. 188, and in that case it was also said, that:
 

 “When — to procure the attendance of his witnesses — the prisoner has, in proper time, ordered subpoenas to issue, he cannot be compelled to apply for attachments, swear to the facts which he intends to' prove by them,
 
 or go to trial in their absence, until an earnest and fruitless attempt has been made to iring them in court.”
 
 (Italics ours.)
 

 It is true that the Boitreaux Case, in which the ruling referred to was made, and from which the foregoing excerpt is taken, is a case in which the defendant was forced to trial on a capital charge, and that the court lays some .stress on that fact in passing upon-the effort that should be made to serve process on witnesses for the'defense; still, while that is true, the same general principles a,s those invoked in that case apply even in a misdemeanor case; that is to say, the return must show facts justifying the conclusion that a serious effort was made to serve the process. It is only by requiring the return to show such facts that the constitutional guaranty, that in all criminal cases the accused shall have compulsory process for obtaining .witnesses in his favor, may be discharged or enforced. In the case at bar, the return shows no such facts. In fact, while manifestly not so intended, the return show's but little more than a mere pretense at making service. It is true that the trial judge, after stating what the officer swore to, in making his informal return, states that, “as no ’other information could be furnished, it was useless to wait longer.” However, as 'defendant evidently did not know of the failure to make service until the case was called fo? trial, it is not strange .that he could not give, at that time, any further information as to the whereabouts of the witness, and, in so far as relates to making inquiry of others, the informal return made by the officer does not show that he inquired of them, and therefore the conclusion that no other information could- be furnished is hardly justified.
 

 It may be added that the record presents another bill of exceptions, designated therein, as bill No. 2. We considered that bill, in consultation, but find no merit in it.
 

 For the reasons assigned, the verdict and the sentence appealed from are annulled and set aside, and the case remanded to be proceeded with according to law.