BAKER, J. Appellant was prosecuted under a bill of information for having intoxicating liquor in his possession for beverage purposes, in violation of Act 39 of 1921 (Ex. Sess.) p. 42. The issue presented is the same as in the case of State v. Cleary (No. 25318) 92 South. 892,[1] decided to-day. For the reasons given in that case,

The conviction and sentence appealed from are affirmed.

═══════

**(92 South. 893)**

**No. 25316.**

**STATE v. LYONS.**

(June 23, 1922.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Lawson Lyons was convicted of manufacturing intoxicating liquor for beverage purposes, and he appeals. Affirmed.

C. E. Hardin, of Leesville, for appellant.
A. V. Coco, Atty. Gen., John B. Hill, Dist. Atty., of Many (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. Appellant was indicted for manufacturing intoxicating liquor for beverage purposes, in violation of Act 39 of 1921 (Ex. Sess.) p. 42. The issue presented is the same as in the case of State v. Cleary (No. 25318) 92 South. 892,[1] decided to-day. For the reasons given in that case,

The conviction and sentence appealed from are affirmed.

═══════

**(92 South. 893)**

**No. 25317.**

**STATE v. HARMON.**

(June 23, 1922.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

S. P. Harmon was convicted of manufacturing intoxicating liquor for beverage purposes, and he appeals. Affirmed.

C. E. Hardin, of Leesville, for appellant.
A. V. Coco, Atty. Gen., and John B. Hill, Dist. Atty., of Many (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. Appellant was indicted for manufacturing intoxicating liquor for beverage purposes, in violation of Act 39 of 1921 (Ex. Sess.) p. 42. The issue presented is the same as in the case of State v. Cleary (No. 25318) 92 South. 892,[1] decided to-day. For the reasons given in that case,

The conviction and sentence appealed from are affirmed.

═══════

**(93 South. 91)**

**No. 23564.**

**LIQUIDATORS OF NICHOLSON PUB. CO., Limited, v. E. S. UPTON PRINTING CO.**

(June 27, 1922. Rehearing Denied July 17, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Estoppel ⊙90(3)—Acquiescence and silence when statements of account furnished held to preclude question as to correctness.**

Where plaintiff kept an account with defendant, on which was charged cash advanced from time to time, and defendant was given credit for work performed, and statements showing the debits and credits were regularly rendered to defendant without objection being made, its acquiescence and silence for more than three years precluded it from questioning the imputation.

2. **Good will ⊙6(2)—Seller of business held not to have destroyed good will or broken contract by going into liquidation.**

A publishing company selling a job printing business and agreeing that the purchase-money note might be paid by doing printing work for it, did not break the contract and thereby discharge the buyer on the theory that it destroyed the good will of the business by going into liquidation, though it was claimed that the good will formed the principal consideration.

3. **Good will ⊙2—Defined.**

"Good will" is the favor which the management of a business wins from the public and the

───────

[1] Ante, p. 265.